**Ralph LEWITSKY, Plaintiff,**

v.

**MATSON NAVIGATION COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.

Jan. 3, 1955.

Sol. A. Herzog, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City (Francis X. Byrn, James M. Estabrook, New York City, of counsel), for defendant.

THOMAS F. MURPHY, District Judge.

This is a motion by defendant for summary judgment under Rule 56, Fed.Rules Civ.Proced., 28 U.S.C.A. The action is one for injuries allegedly sustained through defendant's negligence while plaintiff was a passenger on one of its vessels. The ground for this motion is that plaintiff is barred by contractual provision limiting the carrier's liability to suits "commenced within one (1) year from the day when the death or injury occurred; * * *."

There is no dispute that the action was commenced fifteen months after the day of the accident; that plaintiff purchased a ticket for a cruise on defendant's vessel, the S. S. Lurline on October 20, 1952, through one Coane; that plaintiff received such ticket from Coane on that date and retained possession of it until he boarded the vessel on November 12, 1952; that both the records of Coane and defendant's employe show that the ticket issued to plaintiff was No. 32394; that plaintiff was capable of reading and comprehending the printed matter on the ticket; that plaintiff did read parts of the ticket that interested him and was aware of the existence of other printed matter thereon; and finally that the ticket contained this language on its face: "Passage Contract For Entire Trip By Acceptance and Use of This Ticket, Passenger Agrees to the Terms and Conditions of The Passage Contract as Set Out Below and On the Reverse Side Hereof. * * *

"16. Claims and Suits. Carrier shall not be liable in any suit or proceeding, for any loss of life or bodily injury unless written notice of claim therefor shall have been presented to Carrier against whom (or against whose vessel, or master or officer thereof) such claim is made, at its home office or at the office

of its agent at place of landing within six (6) months, and unless such suit or proceeding thereon be commenced within (1) year from the day when the death or injury occurred; * * *."

██ Plaintiff has refused either to admit or deny that ticket No. 32394 was the one issued to him on four occasions: in a notice to admit, in an examination before trial, in his answering affidavit on this motion and on oral argument. In the light of the undisputed facts, this refusal to take one position or another does not create a triable issue of fact. The evidence on this motion makes clear that the limitation of one year was part of the contract of passage.[1] No question of waiver or estoppel by defendant is raised by plaintiff.[2] In effect, plaintiff's defense to this motion is that the limitation has not been shown to have been read by him although negotiations for settlement of his claim had been carried on with defendant over a period a year prior to commencement of this action.

In The Kungsholm, relied upon by plaintiff, the rule was thus stated:

"These cases hold that stipulations affecting the carrier's liability must *either* be brought to the knowledge of the passenger *or* must be incorporated, at least by reference, into the very body of the contract, * * *. [Emphasis supplied.]"[3]

In the leading New York case, the rule was thus stated by Cardozo, J.:

"The plaintiff argues that he is not bound by the conditions of the ticket because he did not read them. The omission does not help his case. The law is settled in this state that a ticket in this form, issued by a steamship company for a voyage across the ocean, is more than a mere token or voucher. It is a contract, creating the obligation and defining the terms of carriage. * * * This ticket, to the most casual observer, is as plainly a contract, burdened with all kinds of conditions, as if it were a bill of lading or a policy of insurance. * * * In such circumstances, the act of acceptance gives rise to an implication of assent. * * * The passenger who omits to read takes the risk of the omission."[4]

And while federal rather than state law may control,[5] this case and its doctrine have been cited and followed in this circuit.[6]

There may be circumstances under which opportunity and capacity to apprehend the limiting provisions of a contract of passage may be material and in doubt. The conceded facts' present no such situation in this case.

Accordingly, defendant's motion for summary judgment is granted.

1. Cf. The Kungsholm, 2 Cir., 86 F.2d 703.
2. Cf. Scheibel v. Agwilines, Inc., 2 Cir., 156 F.2d 636.
3. 86 F.2d at page 704.
4. Murray v. Cunard Steamship Co., 235 N.Y. 162, at page 165, 139 N.E. 226, at page 228, 26 A.L.R. 1371.
5. Scheibel v. Agwilines, Inc., 156 F.2d at page 638.
6. Id., Foster v. Cunard White Star Limited, 2 Cir., 121 F.2d 12, at page 13.