Max GELLER and Anne Geller, Plaintiffs-Appellants,

v.

HOLLAND–AMERICA LINE, Defendant-Appellee.

No. 83, Docket 27077.

United States Court of Appeals Second Circuit.

Argued Nov. 17, 1961.

Decided Jan. 19, 1962.

Eli Ellis, New York City (Hill, Betts, Yamaoka, Freehill & Longcope, J. P. Catuzzi, Jr., New York City, of counsel, on the brief), for plaintiffs-appellants.

John J. Crowley, New York City (Burlingham, Hupper & Kennedy, Francis I. Fallon, New York City, of counsel, on the brief), for defendant-appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

PER CURIAM.

Appellants, plaintiffs below, appeal from a decision of the district court granting summary judgment for appellee. This action which is predicated upon personal injuries sustained by Anne Geller on December 17, 1958, while a passenger on appellee's vessel, The S. S. Statendam, was commenced on June 23, 1960. Since the Cruise Passage Contract (the Contract) between appellants and appellee contained a provision that suit for injuries sustained during the voyage must be brought within one year from the date of the injury, the district court held that appellants' suit was barred because it was not brought within the one-year limitation period.

 Appellants contend that they are not bound by the limitation provision of the Contract unless it is shown that they had actual knowledge of its terms and that the collection of the ticket at embarkation negated appellee's right to enforce this provision. However, it is the settled law in this circuit that passengers will be bound by such a provision in the contract of carriage, if the provision is incorporated, at least by reference, in the body of the contract. Foster v. Cunard White Star, Ltd., 2 Cir., 1941, 121 F.2d 12; Baron v. Compagnie Generale Transatlantique, 2 Cir., 1939, 108 F.2d 21; see also Siegelman v. Cunard White Star, Ltd., 2d Cir., 1955, 221 F.2d 189; Scheibel v. Agwilines, Inc., 2d Cir., 1946, 156 F.2d 636; The Kungsholm, 2d Cir., 1936, 86 F.2d 703. This rule applies even though the ticket containing the contract is collected at the time of embarkation. See Foster v. Cunard White Star, Ltd., supra. Since the limitation provision was incorporated by reference in the body of the contract, appellants were bound to institute their action within one year of the date of the injury and their failure to do so bars this suit.

The only other question presented by this appeal is whether there was a genuine issue of fact concerning the receipt of the Contract by appellants which requires a trial. Appellee submitted an affidavit by Lawrence Levine, owner of the Ellenville Travel Service, in which he stated that he delivered the Contract to appellants. Appellants did not contradict this statement in any manner, but merely asserted that, since they had not opened the envelope that they received from Levine, they did not know whether or not they had received the Contract. This assertion by appellants was not sufficient to create a genuine issue of fact and, therefore, the motion for summary judgment was properly granted. E. g., Dyer v. MacDougall, 2d Cir., 1952, 201 F.2d 265; Reynolds v. Maples, 5th Cir., 1954, 214 F.2d 395; Magee v. The Coca-Cola Co., 7th Cir., 1956, 232 F.2d 596.

Affirmed.