Frances S. AGER and Sydney S. Ager, Plaintiffs,

v.

D/S A/S DEN NORSKE AFRIKA–OG AUSTRALIELINIE WILHELMSENS DAMPSKIBSAKTIESELSKAB, A/S TONSBERG, A/S TANKFART I, A/S TANKFART IV, A/S TANKFART V, A/S TANKFART VI, and Wilh. Wilhelmsen and Barber Steamship Lines, Inc., Defendants.

No. 69 Civ. 509.

United States District Court, S. D. New York.

Jan. 31, 1972.

Baker, Garber, Duffy & Baker, Hoboken, N. J., for plaintiffs; by Milton Garber, Hoboken, N. J., of counsel.

Helweil & Crispino, New York City, Haight, Gardner, Poor & Havens, New York City, for defendants; by David P. H. Watson, New York City, of counsel.

GURFEIN, District Judge.

Plaintiff-wife alleges that she was a passenger aboard M/S Toreador, owned by the defendants other than the Barber Steamship Lines, Inc. (Barber), which was their United States agent. She sued to recover damages for injuries sustained by her in a fall on December 11, 1967 while she and her husband were passengers, charging negligence and unseaworthiness.[1] The action is at law based on diversity of citizenship. The summons and complaint were filed in this Court on February 7, 1969, almost fourteen months after the accident.

The defendants move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The sole ground is that the plaintiffs failed to commence the action within one year as specified in the booklet called a "passage ticket."

■ Although the plaintiffs raise the question whether the passage ticket provision requiring suit to be brought within a year from the date of the injury is valid, the validity of the condition in this particular contract seems beyond question.[2]

The condition is valid by congressional action making it so. See 46 U.S.C. § 183b(a).[3] And the courts have upheld such a condition as a "declaration of Congressional policy." Schwartz v. S. S. Nassau, 345 F.2d 465 (2 Cir.), cert. denied, 382 U.S. 919, 86 S.Ct. 294, 15 L. Ed.2d 234 (1965); Jansson v. Swedish American Line, 185 F.2d 212, 221 (1 Cir. 1950); Scheibel v. Agwilines, Inc., 156 F.2d 636, 638 (2 Cir. 1946).

The question was, and perhaps still is, whether such a condition must be part of the body of the contract proper. See The Majestic, 166 U.S. 375, 381, 17 S. Ct. 597, 41 L.Ed. 1039 (1897); Geller v. Holland-America Line, 201 F.Supp. 508 (S.D.N.Y.1961), aff'd, 298 F.2d 618 (2 Cir.), cert. denied, 370 U.S. 909, 82 S.Ct. 1256, 8 L.Ed.2d 403 (1962); Murray v. Cunard S. S. Co., 235 N.Y. 162, 139 N.E. 226 (1923). There is no question in the case at bar, however, that the provision for the time period within which suit must be commenced was within the body of the contract. Nor was there a failure to call the reader's attention to the fine print. The ticket here was not like the ticket in Silvestri v. Italia Societa per Azioni Di Navigazione, 388 F.2d 11, 14 (2 Cir. 1968), where the crucial reference to the conditions of the contract was "in ordinary lower-case one-eighteenth inch type." Here the ticket, which measures 8″ long by 3¼″ wide, had imprinted on the front cover in bold type "PASSAGE TICKET." On the lower right hand corner of the cover page there was written in white letters

---

1. The husband joins as plaintiff to recover medical expenses and for damages for deprivation of services and consortium.

2. The printed ticket makes a choice of Norwegian law. If Norwegian law should be held to govern, expert testimony that, under Norwegian law, the condition is valid has not been controverted.

3. This section reads as follows:
    "(a) It shall be unlawful for the manager, agent, master, or owner of any

sea-going vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred."

against a red background: "Please read carefully pages 2, 3, 4, 5, 6 & 7." At the top of page 2 of the ticket the words CONDITIONS OF CONTRACT appear. One of these conditions, albeit in fine type, is in paragraph 14—the provision for time limitation. After the "Conditions of Contract," on page 7 the Company's agent signed the ticket. The ticket here is indistinguishable from the ticket in Lipton v. National Hellenic American Lines, 294 F.Supp. 308 (E.D. N.Y.1968). I agree with Judge Dooling that such a ticket is more like the ticket in *Geller* than the ticket in *Silvestri*.

But that is not the end of the inquiry here as it was there. It was assumed in most of the cases upholding the validity of the time limitation that the ticket had actually been received by the passenger. And while it is true, in such case, that "[t]he passenger who omits to read takes the risk of the omission," Murray v. Cunard S. S. Co., *supra*, 235 N.Y. at 166, 139 N.E. at 228, that can hardly apply if the passenger was never given the ticket to read.

The plaintiffs assert that there is an issue of fact whether they ever received the passage ticket. In the record before us, there are various statements by Mrs. Ager that she has no recollection of receipt. Mr. Ager also testified by deposition to have no recollection of receipt, but he has gone further, by affidavit dated October 14, 1971, to swear that he did not receive the passage ticket.

The defendants counter with a carbon copy of a travel agent's letter to the plaintiffs, which indicates that the passage ticket was enclosed. Also presented to the Court is a letter from Mrs. Ager to the travel agent beginning: "The tickets et cetera arrived today . . ."

That brings us to the very water's edge of the summary judgment procedure. It has been held that a refusal by the plaintiff to admit or to deny receipt of the ticket is not enough to defeat summary judgment for the defendant steamship company. Lewitsky v. Matson Navigation Co., 134 F.Supp. 441 (S.

D.N.Y.1955); Vaci v. Swedish American Line, 200 F.Supp. 207 (E.D.Pa.1961). Receipt of an envelope containing the ticket and a claimed failure by the plaintiff to open the envelope, leading to the same equivocation as in *Lewitsky, supra* "was not sufficient to create a genuine issue of fact." Geller v. Holland-America Line, *supra*, 298 F.2d at 619.

Here, there is, however, a direct contradiction of the statement that the ticket was delivered. If the defendant's statement of delivery is true, the plaintiffs' affirmation is probably false; in other words, there arises an issue of credibility.

The defendant here has in its favor the presumption that a ticket properly mailed is a ticket received. Wigmore on Evidence § 95 (3d ed. 1940). But a denial of receipt can defeat the procedural presumption sufficiently to require submission of the issue to the jury. *Ibid.* § 2519, at 431. And a presumption merely has the same effect on a motion for summary judgment as on a motion for a directed verdict. 6 Moore, Federal Practice ¶ 56.11[10] (2d ed. 1971).

If an issue of fact as to receipt exists, can it be said instead that the act of the passenger in accepting the passage itself binds him to the conditions of the voyage? I would think that from the travail of the courts in the unsigned ticket cases (cf. *The Majestic, supra*, and its progeny), the rules of contract requiring mutual consent apply to these contracts of adhesion as well. It would not be enough to say, then, that even though the passenger may not have seen the ticket before boarding, that circumstance becomes irrelevant, because the passenger had a year after the injury to get the ticket and to read its time limitations. If he never accepted the condition by having the ticket in his possession (whether he read it or not), I believe that he is not bound by such time limitations. Suffice it to say that, in this context, the denial of receipt raises enough of an issue of fact to defeat summary judgment.

I cannot find, therefore, that no genuine issue exists. While the defendants' evidence is strong, it is met by a flat denial under oath. Moreover, the reference in Mrs. Ager's letter to "tickets" might have been a mere generic term for various documents, not including the actual "passage ticket;" or she may have received ticket stubs separated from their booklet and its detailed conditions of contract.

Without in any way attempting to foreclose the trier of fact, I note that if the plaintiffs' denial is proved to be untrue and made in bad faith, the defendants would not be remediless under Fed. R.Civ.P. 56(g).

The motion is denied.

It is so ordered.