Alice DeCARLO and Peter DeCarlo,
Plaintiffs,

v.

ITALIAN LINE, Defendant.

No. 75 Civ. 1002.

United States District Court,
S. D. New York.

July 22, 1976.

Rassner, Rassner & Olman, New York City, for plaintiffs; Lawrence M. Storm, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant; Louis J. Gusmano, John R. Geraghty, New York City, of counsel.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

In this diversity action to recover damages for a shipboard accident, defendant moves, pursuant to Rules 12(b)(6) and 56 of the F.R.C.P., for an order dismissing the complaint on the ground that it was not filed within one year from the occurrence of the alleged accident and is therefore time barred under the provisions of 46 U.S.C. § 183b and the passage contract. Given the present state of the law in this Circuit, we must grant the motion.

Plaintiffs commenced this action for personal injury and loss of consortium on February 28, 1975, nearly 20 months after the accident aboard the defendant's vessel which gave rise thereto. By failing to sue within one year of the accident, plaintiffs' complaint is—on the face of it—barred by the provisions in 46 U.S.C. § 183b and Articles 13 and 14 of the passage contract. *Foster v. Cunard White Star* (2d Cir. 1941) 121 F.2d 12, *McQuillan v. Italia Societa Per Azione di Navigazione* (S.D.N.Y.1974) 386 F.Supp. 462, *aff'd*, 516 F.2d 896 (2d Cir. 1975).

Section 183b authorizes a shipowner to contractually limit the time for commencement of a suit by a passenger to recover for personal injuries to one year from the day when the alleged injuries occurred. Article 13 and 14 of the passage contract here involved adopt such a time limitation, providing in pertinent part,

"Art. 13—NOTICE OF CLAIM—

(a) The Company shall not be liable for any claim for loss of life or injury unless written notice thereof with full particulars be lodged with the Company or its

agents within six (6) months from the day when the death or injury occurred in respect of any claim where Section 4283A of the Revised Statutes of the United States shall apply.

\* \* \* \* \* \*

Art. 14.—TIME LIMIT ON CLAIMS—

Suit to recover on any claim against the Company shall be instituted:

(a) as to claims mentioned in subdivision (a) of Article 13 above, within one (1) year from the day when death or injury occurred; . . ."

Just recently, the Second Circuit Court of Appeals upheld the validity of the same provision in an identical passage contract issued by the same defendant, and dismissed the complaint as time barred. *McQuillan v. Italia Societa Per Azione di Navigazione, supra.*[1] The only question, therefore, remaining for us to resolve is whether the present plaintiff was legally chargeable with notice of its provisions.

Plaintiff Alice DeCarlo swears to the following facts in her affidavit in opposition to the instant motion:

1. In April, 1973, she "made arrangements to take a cruise on the defendant steamship, S.S. Leonardo da Vinci".

2. These "arrangements" were made with "a personal friend", one Mrs. Anita Brezinski.

3. Mrs. Brezinski made the reservations and picked up the tickets, delivering a check made out by the plaintiff and payable to the defendant.

4. Mrs. Brezinski died onboard the ship, during the cruise.

5. At no time did plaintiff ever see her ticket or discuss it with Mrs. Brezinski.

It is clear, therefore, that although plaintiff claims she neither saw her ticket nor knew of the limitation provision therein, her agent—Mrs. Brezinski—had the ticket in her possession for some time, both prior to and during the voyage. Plaintiff is, accordingly, legally chargeable with notice. See *Foster v. Cunard White Star, supra.*[2]

The complaint is dismissed as time barred. Let judgment enter.

SO ORDERED.

---

1. Although the official Fed. 2 citation would suggest that the affirmance was without opinion and thus not authoritative [*U. S. v. Diggs* (2d Cir. 1974) 497 F.2d 391, 393, n. 3, Local Rule § 0.23 of the U.S. Court of Appeals for the Second Circuit], the actual order of affirmance on file with this court recites that the "judgment of [the] District Court be and it hereby is affirmed on the opinion of Judge Werker, reported at 386 F.Supp. 462".

2. At oral argument, defendant stated and plaintiff did not deny that the ticket had been purchased approximately 30 days before the voyage. This circumstance places plaintiff in the same position as the plaintiff in *Foster* who, as the court there found, was charged with notice of the limitation by virtue of her brother having purchased her ticket for her (as well as for himself) some 17 days before the voyage commenced. We see no difference between the fact that *Foster* involved a brother and the instant case involves a friend. What is significant is that they both acted in the capacity of an agent in acquiring the ticket for the plaintiff.

Plaintiffs' reliance on *Ager v. D/S A/S Den Norske Afrika–OG* (S.D.N.Y.1972) 336 F.Supp. 1187 is misplaced, for there an issue of fact existed as to whether the plaintiffs (or anyone else) had ever received the passage ticket, thus precluding summary judgment.