**Alex RASKIN, as Executor of the Estate of Nettie Raskin, deceased, Plaintiff,**

v.

**COMPANIA de VAPORES REALMA, S.P., Thomson Cruises, a/k/a Thomson Holidays, Ltd. and N & J Vlassopulos, Ltd., Defendants.**

No. 79 Civ. 4275 (HFW).

United States District Court,
S. D. New York.

Aug. 31, 1981.

David Weicholz, Brooklyn, N. Y., for plaintiff; Neil Cohen, Brooklyn, N. Y., of counsel.

Mendes & Mount, New York City, for defendant Thomson; Bernard J. Tansey, New York City, of counsel.

Heidell, Pittoni & Moran, P. C., New York City, for defendants Compania and Vlassopulos; William M. Kimball, New York City, of counsel.

1. By order of this Court dated May 27, 1980, the caption of this action was amended to include Compania, Thomson and N & J as named defendants. Sovereign Holidays, Ltd., the travel agent, was one of the original defendants in this action. However, upon its motion for summary judgment, the complaint was dismissed against Sovereign in accordance with this Court's memorandum decision dated September 2, 1980.

## OPINION

WERKER, District Judge.

Plaintiff's decedent commenced this action to recover for personal injuries sustained in August 1976 while she was a passenger aboard the S.S. Ithaca. Damages are sought from Compania de Vapores Realma, S.P. ("Compania"), the owner and operator; Thomson Cruises, a/k/a Thomson Holidays, Ltd. ("Thomson"), the charterer; and N & J Vlassopulos, Ltd. ("N & J").[1] Jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332. Defendant Thomson has moved to dismiss the complaint against it pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(2) on the grounds of insufficiency of service of process and lack of personal jurisdiction.[2] In addition, all three defendants have moved for summary judgment pursuant to Fed.R.Civ.P. 56, contending that the suit is time barred by an enforceable contractual period of limitations.

## DISCUSSION

### Motion to Dismiss for Lack of Personal Jurisdiction

Before this Court may address any motion directed to the merits, it must initially rule on the motion to dismiss for lack of personal jurisdiction. *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam), *cert. denied*, 411 U.S. 935, 93 S.Ct. 1911, 36 L.Ed.2d 396 (1973); *Arrowsmith v. United Press International*, 320 F.2d 219, 221 (2d Cir. 1963) (en banc). In a diversity action such as this, the law of the forum state determines whether a foreign corporation is amenable to suit in New York. *Arrowsmith v. United Press International*, 320 F.2d at 223. Accordingly, Thomson contends that jurisdiction may not be predicated upon N.Y.Civ.Prac.Law § 301 (McKinney

2. Defendants Compania and N & J previously moved to amend their answers to affirmatively assert the defense of lack of personal jurisdiction. In a memorandum endorsement dated September 17, 1980, this Court denied their motion, ruling that the defense had been waived pursuant to the express language of Fed.R.Civ.P. 12(h)(1).

1972) because it is not doing business in New York "with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917).

Counsel for Thomson, has submitted an affidavit in support of its Rule 12(b)(2) motion.[3] The affidavit states that Thomson is an English corporation which does not maintain a New York office, telephone, or bank account. Additionally, the affiant avers that Thomson does not advertise or conduct any business in New York. Finally, the affidavit asserts that Thomson does not derive any revenue from activities within the State of New York nor is it licensed to do business there. Rather than disputing these assertions, plaintiff has simply contended that "[a]n attorney's affidavit is insufficient as to knowledge of the contracts [sic], if any, between Thomson Holiday, Ltd., and New York State." Affirm. in Opp. at 2.

I initially note that plaintiff has failed to file a memorandum of law in opposition to Thomson's motion. Pursuant to Local Rule 3(b) this is sufficient cause to grant the motion by default. I will, however, address the merits of defendant's motion and caution plaintiff that strict compliance with the Local Rules will henceforth be required.

■ Courts in this Circuit have consistently held that affidavits may be properly relied upon when ruling on a motion to dismiss for lack of personal jurisdiction. *China Union Lines, Ltd. v. American Marine Underwriters, Inc.*, 454 F.Supp. 198, 199 (S.D.N.Y.1978); *Marketing Showcase, Inc. v. Alberto-Culver Co.*, 445 F.Supp. 755, 759 (S.D.N.Y.1978); *Lynn v. Cohen*, 359 F.Supp. 565, 566 (S.D.N.Y.1973). Indeed, the practice has become so well established that rules have been formulated to guide the courts in their consideration of such affidavits. Those premised upon personal knowledge are credited over contradictory affidavits based upon information and belief, and facts presented in opposition to jurisdictional allegations are deemed more reliable than contentions proffered in support of jurisdiction. *Leasco Data Processing Equipment Corp. v. Maxwell*, 319 F.Supp. 1256, 1260 (S.D.N.Y.1970), *vacated on other grounds*, 468 F.2d 1326 (2d Cir. 1972). While affidavits must be considered in the light most favorable to the plaintiff, *American Contract Designers, Inc. v. Cliffside, Inc.*, 458 F.Supp. 735, 737 (S.D.N.Y. 1978), there does not appear to be any blanket prohibition against the use of an attorney's affidavit.

■ Plaintiff bears the burden of establishing this Court's personal jurisdiction over defendant. *E. g., Saraceno v. S. C. Johnson & Son, Inc.*, 83 F.R.D. 65, 66 n.1 (S.D.N.Y.1979); *Ghazoul v. International Management Services, Inc.*, 398 F.Supp. 307, 310 n.1 (S.D.N.Y.1975). Where, as here, the motion to dismiss is supported by an affidavit, the opposing party may not rest upon the allegations in his complaint. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929–30 (6th Cir. 1974); *Oddi v. Mariner-Denver, Inc.*, 461 F.Supp. 306, 310 (S.D.Ind. 1978); *see Chlebda v. H. E. Fortna & Brother, Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1979). His response must contain specific facts upon which the exercise of *in personam* jurisdiction may be predicated. *Weller v. Cromwell Oil Co.*, 504 F.2d at 927; *Oddi v. Mariner-Denver, Inc.*, 461 F.Supp. at 306. Plaintiff's response is simply devoid of such facts. Indeed, the papers submitted in opposition to this motion do not state whether plaintiff's assertion of jurisdiction over Thomson is based upon either N.Y.Civ. Prac.Law § 301 or N.Y.Civ.Prac.Law § 302. Under these circumstances, it is clear that plaintiff has failed to sustain his burden of demonstrating that Thomson is within the personal jurisdiction of this Court. Accord-

---

**3.** Bernard Tansey's affidavit is based upon his full "familiar[ity] with all of the facts and proceedings" in this action. Defendant's Affid. in Supp. at ¶ 1. Although plaintiff contends that this affidavit may not be relied upon in deciding this motion, he has not asserted that the Tansey affidavit is based upon information and belief.

ingly, Thomson's Rule 12(b)(2) motion is granted.[4]

### Summary Judgment Motion

Defendants' summary judgment motion is premised upon an allegedly enforceable contractual period of limitations. The passenger cruise ticket issued to Nettie Raskin contained a term whereby any claim against the owner would be time barred unless a suit was instituted within one year from the date the cause of action accrued. *See* 46 U.S.C. § 183b(a). Because Ms. Raskin concededly failed to institute this suit within the contractual period of limitations, the disposition of defendants' motion for summary judgment turns upon whether "the steamship line had done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting [her] legal rights." *Silvestri v. Italia Societa Per Azioni Di Navigazione,* 388 F.2d 11, 17 (2d Cir. 1968); *see The Majestic,* 166 U.S. 375, 385, 17 S.Ct. 597, 601, 41 L.Ed. 1039 (1897).

The leading authority in this Circuit for a determination of whether the limitation of time, as noted on a ticket, within which a passenger may bring an action for personal injuries is incorporated in a contract of passage is *Silvestri.* The ticket in *Silvestri* contained a "box" with the words "PASSAGE CONTRACT" in the upper right-hand corner. Although most of the captions within the "box" appeared either in bold face or capital letters, there was one significant exception. In the upper left-hand corner the statement "subject to the conditions printed on the cover of this ticket which form part of this contract" appeared in regular lower case type. The statement was located to the left of a caption in capital letters and immediately below one in bold face type. This arrangement only served to increase the inconspicuousness of the notice. Two "leaves" which

formed an integral part of the ticket contained thirty-five numbered paragraphs of terms and conditions. Hidden within one of these paragraphs was a contractual limitation similar to the one relied upon by the defendants in the instant case. The paragraphs were set in very small print and were preceded by the bold-face caption "TERMS AND CONDITIONS." Noting that nothing whatever had been done to impress the importance of these provisions upon the passenger, Judge Friendly concluded that the draftsmen could have produced a warning that was "significantly more eye-catching than this." 388 F.2d at 17–18.

A fair reading of *Silvestri* requires a carrier to apprise the passenger of both the existence and importance of contractual periods of limitation in order to find the restrictions enforceable. *Miller v. Lykes Brothers Steamship Co.,* 467 F.2d 464, 466 (5th Cir. 1972); *see DeNicola v. Cunard Line Ltd.,* 642 F.2d 5, 10 & n.11 (1st Cir. 1981). Thus, in order for the conditions to be incorporated into the contract of carriage, the ticket must reasonably communicate their importance to the passenger. *Gardner v. Greek Line,* 388 F.Supp. 856, 858 (M.D.Pa.1975); *McQuillan v. "Italia" Societa Per Azione Di Navigazione,* 386 F.Supp. 462, 466 (S.D.N.Y.1974), *aff'd,* 516 F.2d 896 (2d Cir. 1975).[5] Even if the condition appears in the body proper of the contract, a court should nevertheless inquire whether the reader's attention was called to the fine print. *See Ager v. D/S/A Den Norske Afrika-Og Australielinie Wilhelmsens Dampskibsaktielselskab,* 336 F.Supp. 1187, 1188 (S.D.N.Y.1972); *see generally DeNicola v. Cunard Line Ltd.,* 642 F.2d at 10 n.11. Regardless of the adequacy of the notice, however, a passenger would not be bound by a provision "written so lutulently and printed in such small type as to be virtually

---

4. My disposition of the Rule 12(b)(2) motion renders it unnecessary for me to consider the allegedly insufficient service of process.

5. With respect to the affirmance in *McQuillan,* the official citation suggests that the Second Circuit affirmed the decision without opinion.

The actual order of affirmance, however, states that the judgment was "affirmed on the opinion of Judge Werker, reported at 386 F.Supp. 462." *DeCarlo v. Italian Line,* 416 F.Supp. 1136, 1137 n.1 (S.D.N.Y.1975) (citations omitted).

incomprehensible." *Gardner v. Greek Line*, 388 F.Supp. at 858. Proper application of these standards necessitates a description of the ticket format employed by the Ulysses Line in the case at bar.

█ The ticket conditions are contained in thirteen enumerated paragraphs which are printed in two columns on the flip side of the cover. Though the heading "SHIP TICKET CONDITIONS" has been set in bold face type, the conditions themselves appear in exceedingly small print. Paragraph 2 advises the passenger that use of the ticket will give rise to an agreement "that all relations between the Passenger and the Owner shall be . . . governed by these Conditions." Paragraph 4(e), which contains the contractual period of limitations, is located approximately three-quarters of the way down the left-hand column. Attached to the cover of the passenger ticket is the ticket stub itself. The following warning appears in somewhat larger type at the base of the ticket stub:

PASSENGER TICKET—TO BE RE-TAINED AT ALL TIMES

Valid for one person only. Not transferable. Any alteration invalidates this ticket. Issued subject to the terms, conditions and regulations printed opposite.

No warnings or admonitions appear on the cover of the ticket. Having carefully examined the organization of this passage contract, I conclude that the draftsmen have not done all that they reasonably could to communicate the importance of these conditions to the passenger.

The organizational inadequacies inherent in this format may best be illustrated by a comparison with the passage contract which was the subject of my opinion in *McQuillan v. "Italia" Societa Per Azione Di Navigazione*, 386 F.Supp. 462 (S.D.N.Y.1974), aff'd, 516 F.2d 896 (2d Cir. 1975). The following warning appeared on the cover of the ticket in *McQuillan*:

Terms of Passage Contract. Passengers are kindly requested to read the conditions of this contract before accepting. "Italia," Societa per Azioni di Navigazione, hereafter referred to as "the Company" agrees to provide (continued on page 2) the transportation described herein to the person or persons named herein, subject to the terms set forth in this passage contract, printed on this page and on pages 3, 4, 5, 6.

386 F.Supp. at 466. Although the warning continued on the second page, it began in a sufficiently conspicuous location on the ticket cover. Its importance was further highlighted by the fact that it was printed in white lettering which was set off against a blue background. Significantly, the sentence immediately following the caption directed the passengers to read the conditions prior to accepting the passage contract. Although conceding that the warning on the cover of the ticket in *Lipton v. National Hellenic American Lines*, 294 F.Supp. 308, 309 (E.D.N.Y.1968) was phrased in stronger language,[6] I held that the warning in *McQuillan* reasonably communicated the importance of the conditions to the passenger and thus served to incorporate them into the contract. 386 F.Supp. at 466.

Unfortunately, the same may not be said of the ticket in question. Unlike *Lipton* and *McQuillan*, the cover of Ms. Raskin's ticket makes no mention of its terms and conditions. Indeed, I find it significant that the line of post-*Silvestri* cases enforcing contractual periods of limitations have all involved tickets or coupons with conspicuous facial warnings. *DeNicola v. Cunard Line Ltd.*, 642 F.2d 5, 10 (1st Cir. 1981); *DeCarlo v. Italian Line*, 416 F.Supp. 1136, 1137 (S.D.N.Y.1976); *Gardner v. Greek Line*, 388 F.Supp. 856, 857 (M.D.Pa.1975); *McQuillan v. "Italia" Societa Per Azione Di Navigazione*, 386 F.Supp. 462, 465–66 (S.D.N.Y.1974), aff'd, 516 F.2d 896 (2d Cir. 1975); *Ager v. D/S/A Den Norske Afrika-Og Australielinie Wilhelmsens Dampskibsaktielselskab*, 336 F.Supp. 1187, 1188–89 (S.D.N.Y. 1972); *Lipton v. National Hellenic Ameri-*

---

**6.** The warning in *Lipton* read as follows: "IMPORTANT NOTICE. Each passenger should carefully examine this ticket, particularly the conditions on pages 2, 3, 4, and 5." *Lipton v. National Hellenic American Lines*, 294 F.Supp. 308, 309 (E.D.N.Y.1968).

*can Lines,* 294 F.Supp. 308, 309 (E.D.N.Y. 1968). Whether this omission might be overcome by the inclusion of other significantly "eye-catching" warnings is a question I need not address since the warnings in this passage contract have been arranged in a manner which does nothing to detract from their inconspicuousness. Although the bottom of the ticket stub advises that it is "[i]ssued subject to the terms, conditions and regulations printed opposite," this warning is placed in the third and final sentence of a paragraph. By way of contrast, the warnings in *McQuillan* and *Lipton* were conspicuously located in the first sentence which followed the caption. Even the caption above the warning leaves something to be desired. Rather than alerting the passenger to the importance of the terms or the existence of a contract, the caption in the instant case simply reads "PASSENGER TICKET—TO BE RETAINED AT ALL TIMES." Thus, in several important respects, this passage contract may be distinguished from those in *Lipton* and *McQuillan.* Under these circumstances, I must conclude that, as in *Silvestri,* the carrier has not done all it reasonably could to impress upon the passenger the importance of the ship ticket conditions. Only by their elimination could these warnings have been rendered any less conspicuous.

### CONCLUSION

In accordance with the foregoing, defendant Thomson's motion to dismiss for lack of in personam jurisdiction is granted; defendants' motion for summary judgment is denied.

SO ORDERED.