Roxy **ROBERSON**, Plaintiff

v.

**NORWEGIAN CRUISE LINE, et alia, Defendants.**

No. CV 95–2703 LGB (SHx).

United States District Court, C.D. California.

Aug. 9, 1995.

Andrew Krzemuski, Schlossberg and Krzemuski, Beverly Hills, CA, for plaintiff Roxy Roberson.

Kaye, Rose, Tamulski & Maltzman, Bradley M. Rose and Lisa M. Conner, San Diego, CA, for defendant Kloster Cruise Limited dba Norwegian Cruise Line.

## ORDER TRANSFERRING VENUE

BAIRD, District Judge.

### I. INTRODUCTION

Defendant has moved this Court to dismiss this action or, alternatively, to transfer venue. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7.11, the Court cancelled oral argument on this motion. For the reasons set forth below, the Court hereby GRANTS defendant's motion and ORDERS that VENUE BE TRANSFERRED to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1406(a).

### II. BACKGROUND

Plaintiff Roxy Roberson was allegedly injured while on a cruise aboard the vessel M/S Southward, which is operated by defendant Kloster Cruise Limited.[1] Plaintiff arranged for passage on this cruise with her travel agent and had received her ticket approximately three days before the cruise depart-

ed. (Roberson Decl. ¶ 6; Roberson Dep. at 21.)

The ticket that plaintiff received stated the following:

> This Contract shall be governed in all respects by the laws of the State of Florida and the laws of the United States of America. It is hereby agreed that any and all claims, disputes or controversies whatsoever arising from or in connection with this Contract and the transportation furnished hereunder shall be commenced, filed and litigated, if at all, before a court of proper jurisdiction located in Dade County, Florida, U.S.A.

(Kilgour Decl., Ex. 2.) In four distinct places the ticket also provided: "The passenger's attention is specifically directed to the terms and conditions of this contract appearing on pages 6, 7, 8, 9, and 10. These terms and conditions affect important legal rights and the passenger is advised to read them carefully." (Id.) (The forum-selection clause, quoted above, appears on page 10 of the ticket.) Lastly, in bold type immediately before the portion of the ticket that contains the forum-selection clause, the ticket stated: "Passengers are advised to read the terms and conditions of the Passenger Ticket Contract set forth below. Acceptance of this Passenger Ticket Contract by Passenger shall constitute the agreement of Passenger to these Terms and conditions." (Id.)

Plaintiff filed suit against defendant in Los Angeles County Superior Court seeking damages on various theories in tort for her personal injuries. Defendant timely removed the action on April 24, 1995 based on diversity of citizenship.

Defendant presently moves the Court to dismiss or transfer this action based on the quoted forum-selection clause.

### III. ANALYSIS

It should first be noted that "federal law governs the enforceability of the forum-selection clause" that is under scrutiny. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622

---

1. Defendant Kloster has been sued erroneously as "Norwegian Cruise Line."

(1991) (citing *Archawski v. Hanioti,* 350 U.S. 532, 533, 76 S.Ct. 617, 619, 100 L.Ed. 676 (1956); *The Moses Taylor,* 71 U.S. (4 Wall.) 411, 427, 18 L.Ed. 397 (1866)).

Analysis of defendant's forum-selection clause under federal law must begin with *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *The Bremen,* the plaintiff, an American corporation, entered into a contract with defendant, a German corporation, for the towage of plaintiff's ocean-going drilling rig from Louisiana to Italy. *Id.* at 2, 92 S.Ct. at 1909. After the drilling rig was damaged in transit, plaintiff brought suit in admiralty in a United States district court. *Id.* at 3–4, 92 S.Ct. at 1910. Defendant then moved to dismiss or to transfer the action based on a forum-selection clause in the contract, which called for "[a]ny dispute arising" from the contract to be "treated before the London Court of Justice." *Id.* at 2, 4, 92 S.Ct. at 1909, 1910.

In considering the enforceability of the forum-selection clause, the Supreme Court began by attacking the historical disfavor with which forum-selection clauses have been viewed. *Id.* at 9 & n. 10, 92 S.Ct. at 1912 & n. 10. The Court stated that "[t]he expansion of American business and industry will hardly be encouraged if, notwithstanding solemn contracts, we insist on a parochial concept that all disputes must be resolved under our laws and in our courts." *Id.* at 9, 92 S.Ct. at 1912. The high Court thus found that forum-selection clauses are prima facie valid and should be enforced by a federal district court sitting in admiralty unless the "resisting party" can show that to do so would be unreasonable under the circumstances. *Id.* at 10, 92 S.Ct. at 1913.

As support for this conclusion, the Supreme Court set forth several "compelling reasons why a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as [the forum-selection clause in issue], should be given full effect." *Id.* at 12–13, 92 S.Ct. at 1914–15. First, since damage to the rig could have occurred at "any point along the route" between Louisiana and Italy, selection of a single forum for resolution of any disputes alleviated the uncertainty and inconvenience that would result if suit could be maintained in the jurisdiction chosen by the first party to file suit. Second, the Court stated that "it would be unrealistic to think that the parties did not conduct their negotiations, including fixing the monetary terms, with the consequences of the forum clause figuring prominently in their calculations." *Id.* at 14, 92 S.Ct. at 1915. Lastly, the Court again made reference to the concerns of "present day-commercial realities and expanding international trade." *Id.* at 15, 92 S.Ct. at 1916.

The Supreme Court continued its discourse on forum-selection clauses in *Shute,* 499 U.S. at 585, 111 S.Ct. at 1522–23, a case that is literally on all fours with the matter sub judice. There, the plaintiff suffered personal injury while aboard a cruise ship operated by the defendant. *Id.* at 588, 111 S.Ct. at 1524. After plaintiff brought suit in a district court in Washington, defendant moved for summary judgment on the grounds that the forum-selection clause in plaintiff's ticket required suit to be brought in Florida.[2] *Id.* Reversing the decision of the district court, the Ninth Circuit concluded that "the forum clause should not be enforced because it 'was not freely bargained for[ ]' . . . [and since] 'the [plaintiff is] physically and financially incapable' of pursuing this litigation in Florida." *Id.* at 589, 111 S.Ct. at 1525 (quoting *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 389 (9th Cir. 1990)).

"[R]efin[ing] the analysis of *The Bremen* to account for the realities of form passage contracts," the Court stated, contrary to the

---

**2.** The choice-of-forum clause in *Shute* stated:

[ ] The acceptance of this ticket by the person or persons named hereon as passengers shall be deemed to be an acceptance and agreement of each of them of all of the terms and conditions of this Passage Contract Ticket.

[ ] It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.

499 U.S. at 587–88, 111 S.Ct. at 1524. Compare this language to the language of defendant Kloster Cruise Limited's ticket quoted *supra.*

position staked out by the Ninth Circuit, that "a nonnegotiated forum-selection clause in a form ticket contract [is not unenforceable] simply because it is not the subject of bargaining." *Id.* at 593, 111 S.Ct. at 1527. The high Court was persuaded that

> [i]ncluding a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to those motions. Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued.

*Id.* at 593–94, 111 S.Ct. at 1527 (citations omitted).

The Supreme Court also rejected the Ninth Circuit's reliance on the perceived inconvenience to plaintiff since no evidence that plaintiff would be unable to pursue the matter in Florida was apparent from the record in the district court. *Id.* at 594, 111 S.Ct. at 1527–28. The Court was so persuaded since Florida was not a "remote alien forum" and since the dispute was not "an essentially local one inherently more suited to resolution in the State of Washington than in Florida." *Id.* Since plaintiff had not claimed lack of notice of the forum clause, the Court was able to hold that she had not satisfied the " 'heavy burden of proof' required to set aside the clause on grounds of inconvenience." *Id.* at 595, 111 S.Ct. at 1528 (citation omitted) (quoting *The Bremen,* 407 U.S. at 17, 92 S.Ct. at 1917).

■ At bottom, under *The Bremen* and *Shute,* we are left with the following rule: A forum-selection clause in a form passage contract is prima facie valid, should be enforced by a district court sitting in admiralty, and will not be set aside unless the resisting party meets the heavy burden of showing inconvenience or fundamental unfairness, which is not present simply because the forum clause was not the subject of bargaining.

Here, defendant moves for dismissal of this action, or at least transfer, since plaintiff has violated the forum-selection clause by filing suit outside of Florida.

■ Plaintiff offers little in the way of substantive opposition. Plaintiff first argues that the Court should analyze transfer under the doctrine of forum non conveniens as codified in 28 U.S.C. § 1404(a). This argument, of course, ignores the teachings of *The Bremen* and *Shute* and must be rejected.

■ Plaintiff next argues that *Shute* does not lay down a blanket rule that all forum-selection clauses must be enforced; rather, "forum-selection clauses contained in form passage contracts are subject to judicial scrutiny for fundamental fairness." *Shute,* 499 U.S. at 595, 111 S.Ct. at 1528. Although plaintiff is correct on this non-controversial point, it does not militate against the relief requested by defendant.

To wit, in *Shute* the Supreme Court dispelled any notion of unfairness by analyzing several factors. First, the Court stated that "there is no indication that [defendant] set Florida as [the chosen] forum ... as a means of discouraging cruise passengers from pursuing legitimate claims." *Id.* As plaintiff has offered no such evidence here, the same conclusion must be reached.

The Supreme Court further stated that "[a]ny suggestion of such a bad-faith motive is belied by two facts: [defendant] has its principal place of business in Florida, and many of its cruises depart from and return to Florida ports." *Id.* Again, the same conclusion must be reached here since defendant's principal place of business is in Florida, since all evidence in the possession of defendant is maintained there, and since defendant has

consented to personal jurisdiction there. (*See* Kilgour Decl. *passim.*)

Next, the Court noted that there was no evidence that the defendant had obtained plaintiff's "accession to the forum clause by fraud or overreaching." *Shute*, 499 U.S. at 595, 111 S.Ct. at 1528. Again, the same conclusion must be reached here since plaintiff has offered no evidence of fraud or overreaching.

Finally, the *Shute* Court found that fundamental fairness was not impaired since the passenger was given notice of the forum clause. *Id.* Although plaintiff Roberson has "no recollection of the clause concerning bringing suit in Florida," (Roberson Decl. ¶ 7), it is clear that she received the ticket "three or four days before the departure," (*id.* ¶ 6; Roberson Dep. at 21), and that she did have a return ticket in her possession, (Roberson Decl. ¶ 7). Based on those admissions alone, it is clear that plaintiff had sufficient notice of defendant's clearly identified and intelligible forum clause since she had an opportunity to read the contractual provision before sailing.[3] *See, e.g., Kendall v. American Haw. Cruises*, 704 F.Supp. 1010, 1014–17 (D.Haw.1989) (finding that plaintiff, who had opportunity to read ticket before cruise, had sufficient notice of clear and obvious contractual provision even though page of ticket containing provision was missing after cruise); *Geller v. Holland–America Line*, 298 F.2d 618, 619 (2d Cir.), *cert. denied*, 370 U.S. 909, 82 S.Ct. 1256, 8 L.Ed.2d 403 (1962) (enforcing contractual provision in ticket where plaintiff never opened envelope containing ticket).

## IV. CONCLUSION

Based on the foregoing, it is clear that plaintiff has not met the "heavy burden" imposed on her to avoid transfer by a showing of unfairness. Although it will certainly be less convenient for plaintiff to litigate in Florida, (*e.g.*, Roberson Decl. ¶ 17), nothing suggests that she will be deprived of her day in court there. As the forum-selection clause

should therefore be enforced, defendant's motion must be GRANTED.

 Since plaintiff may have a statute of limitations problem if this action is dismissed, the "interests of justice," 28 U.S.C. 1406(a), dictate that the case be transferred to the Southern District of Florida, *see Minnette v. Time Warner*, 997 F.2d 1023, 1026–27 (2d Cir.1993) (finding it in interests of justice to transfer when dismissal would result in plaintiff being time barred from initiating new action); *cf. Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962) (stating that purpose of transfer is "that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits").

**SO ORDERED.**

---

**3.** The Court does not imply that the opportunity to read a ticket *before* departure is a condition precedent to enforcing a forum clause contained therein. However, that plaintiff had the opportunity to do so here establishes, a fortiori, that she was on notice of that contractual provision.