**Mrs. Maria GARDNER, a/k/a Maria Capparelli, Plaintiff,**

v.

**GREEK LINE, Defendant.**

**Civ. No. 74–594.**

United States District Court,
M. D. Pennsylvania.

Feb. 12, 1975.

Anthony E. Miele, Williamsport, Pa., for plaintiff.

Ronald C. Travis, Williamsport, Pa., for defendant.

## OPINION

MUIR, District Judge.

Gardner has sued Greek Line for damages arising out of an injury allegedly incurred by her through the Defendant's negligence while she was descending the gangway of the ship "Olympia" on August 29, 1972 in Nassau, Grand Bahama. Greek Line has filed a motion to dismiss in which it alleges four grounds for such action. The Court need only consider the first of those grounds.

Gardner purchased passage contract Ticket No. A 217887 through the Penn State Travel Agency on August 7, 1972. The ticket is 7½ inches by 7½ inches. The first page of the ticket, designated Coupon I, bears a box in the lower righthand corner which is 1½ inches by 1½ inches. Within this box, in upper-case type of the same height but bolder than the capital letters appearing in this Order, are the words "IMPORTANT NOTICE." Below that heading, in type slightly smaller but somewhat bolder than the lower-case type which appears in this typewritten Order, is the following underlined sentence: "Please read before accepting." Below that underlined statement, in type only slightly smaller than the type in the underlined statement but equally as bold, appears the following paragraph:

"Passengers should read the terms and conditions of the passage contract beginning on Coupon VII and continued on pages VIII, IX and X which form an integral part of the contract between them and the carrier. The passenger in accepting this ticket agrees to be bound by the terms and conditions thereof and his attention is particularly drawn to the exemptions and limitations of liability of the carrier stated therein."

On Coupon VII is the passenger's copy of the passage contract ticket which is identical to Coupon I except that the lower right-hand box contains other language in a less conspicuous format, which, nevertheless, again calls the attention of the passenger to the terms and conditions of the contract ticket. On pages VIII, IX and X are thirty-four numbered paragraphs in small type which are, nonetheless, legible and are, if read, reasonably comprehensible. Paragraph 32 states, in essence, that no suit against the carrier for bodily injury may be maintained unless the suit is commenced within one year from the date of the injury. It is the contention of Greek Line that Gardner is barred by this provision since her complaint was filed on July 26, 1974 nearly two years after the incident in question.

There is no question as to the validity of a one-year statute of limitations in a passenger contract ticket, 46 U.S.C. § 183b, and the pleadings do not raise that issue. The only question is whether Gardner is bound by ¶ 32 of her ticket and, consequently, barred from filing this suit.

The law with regards to when an individual is bound by a provision of this type in a passenger ticket is far from clear-cut. Nonetheless, it is the opinion of this Court that Gardner is bound by the 1-year statute of limitations contained in her passenger ticket. To incorporate the provisions which follow it, such a notice must convince the Court that the carrier has done all it reasonably could to warn the passenger that the terms and conditions to which reference is made are important matters of contract and affect the passenger's legal rights. See Silvestri v. Italia Societa per Azioni di Navigazione, 388 F.2d 11 (2d Cir. 1968). The case law, as thoroughly canvassed in *Silvestri*, looks only

at the adequacy of the notice that there are terms and conditions appended to the ticket which form a part of the contract. It seems to overlook a second step, that is, the clarity and legibility of the provisions to which reference is made. Certainly, even if the notice were adequate, a passenger would still not be bound by provisions written so lutulently and printed in such small type as to be virtually incomprehensible. However, for decision on this motion, the Court need not face that issue. While it notes that the appearance of the provisions could be markedly improved by the simple addition of bold-faced headings for each of the numbered paragraphs, the Court does not find the provisions to be so muddled or illegible as to be unenforceable. Since the Court finds that the notice appearing on Coupon I of the passenger ticket should reasonably impress the importance of the appended provisions on the passenger, Gardner is bound by the 1-year statute of limitations found in ¶ 32 of her ticket. Consequently, her action must be dismissed because she failed to file her compalint by August 29, 1973.

An appropriate Order will issue.