Beatrice VALENTI, Plaintiff,

v.

HOME LINES CRUISES, INC., and John Doe, said name being fictitious and presently unknown, Defendants.

Civ. No. 83–4074.

United States District Court, D. New Jersey.

April 30, 1984.

Breslin & Breslin, P.A., Hackensack, N.J., for plaintiff.

Evans, Koelzer, Osborne, Kreizman & Bassler, Red Bank, N.J., for defendants.

## OPINION

LACEY, District Judge.

### FACTUAL BACKGROUND

The plaintiff, Beatrice Valenti, filed a complaint in the Superior Court of New Jersey, Law Division, Bergen County, on September 1, 1983. The complaint alleged that she was injured while a passenger on a seven-day Bahamas cruise on the ocean liner, S.S. Oceanic. Plaintiff asserts that, while preparing to return to the ship in the Bahamas, she sustained personal injuries when the vessel's gangplank struck her right ankle and/or foot due to the actions of a servant or employee of the defendant.

Plaintiff had incorrectly identified the defendant as Home Lines Cruises Inc. (hereinafter "HLCI"), instead of Home Lines Inc. (hereinafter "HLI"), the true owner of the vessel. HLCI is an agent of the owner HLI.

On October 20, 1982, the plaintiff's attorney sent a letter to HLCI to inform them of plaintiff's intent to pursue a claim for injuries sustained while aboard the vessel. In a letter dated October 25, 1982, HLCI ac-

knowledged the receipt of the plaintiff's letter and expressed their willingness to attend to the matter. No other communication was made between the parties until the plaintiff instituted this action in the Superior Court of New Jersey on September 1, 1983. The matter was removed to this court by the defendant in October 1983.

Prior to her passage, plaintiff was issued a passage contract ticket by the vessel owner. The passage contract contains 27 separately numbered paragraphs that set forth the conditions and terms of passage. One such condition is a liability limitation that requires an injured passenger to notify the vessel owner about a claim within six months of the date of the injury. In addition, the passage contract requires that the injured passenger initiate any action within one year of the date of the injury. The "Conditions of the Contract of Passage" provide in pertinent part:

(a) The Carrier and/or vessel shall not be liable for any claim whatsoever of the Passenger howsoever and wheresoever arising unless written notice thereof with full particulars shall be delivered to the Carrier or its agents as follows:

1. Within six (6) months from the day when the death or injury occurred in respect of any claim for loss of life or bodily injury in any case where Sec. 4283A of the Revised Statutes of the United States shall apply;

(b) Suit to recover on any claim against the Carrier and/or vessel shall not be maintainable unless:

1. Suit is initiated within one (1) year from the day when death or injury occurred in respect of any claim for loss of life or bodily injury in any case where said Sec. 4283 shall apply (page 2 paragraph 22).

On the face of the passage contract, in fairly large white lettering on a blue background, it reads, "IMPORTANT NOTICE: Each passenger should carefully examine this ticket[,] particularly the condition on pages 2, 3, 4, 5, and 6." In addition, on the top of the embarkation coupon in large clear type it states "PASSAGE CONTRACT—SUBJECT TO CONDITIONS OF CONTRACT ON PAGES 2-3-4-5-6."

At the end of the passage contract after all the conditions are set forth, the name of the vessel owner, HLI, appears.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant's motion for summary judgment is based on two contentions: 1) plaintiff's claim is time barred for failure to comply with the terms of the passage contract; and 2) HLCI is an improper defendant in this action because it is not the owner of the vessel.

In opposition to defendant's motion for summary judgment, plaintiff asserts that she should be given leave to amend her complaint to name as a defendant HLI, the vessel owner, as well as HLCI, the owner's agent.

As to the vessel owner, plaintiff asserts that the passage contract that it issues to the passengers does not reasonably communicate that there are conditions contained therein that limit the owner's liability.

As to the agent, plaintiff asserts: 1) that 46 U.S.C. § 183b, which allows a vessel owner to limit contractually the time in which an injured passenger may file suit, is inapplicable to the agent of a vessel owner; and 2) breach of representation and warranty in that the agent assured her that she would enjoy a safe passage.

■ Summary judgment is a "drastic remedy" which should be granted only in a case where "a trial is unnecessary and would cause delay and expense." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). *See Ness v. Marshall*, 660 F.2d 517 (3d Cir. 1981). A trial court may enter summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled

**4**

to a judgment as a matter of law." *Sunshine Books Ltd. v. Temple University*, 697 F.2d 90, 95 (3d Cir.1982); *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). The party moving for summary judgment has the burden of demonstrating the absence of all genuine issues of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153–61, 90 S.Ct. 1598, 1606–10, 26 L.Ed.2d 142 (1970). Even if "the preponderance of the evidence should appear to be on the moving party's side, the court's function is not to decide issues of fact, but only to determine whether any issue of fact exists to be tried." *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir.1981); *Ransburg Electro-Coating Corp. v. Lansdale Finishers, Inc.*, 484 F.2d 1037, 1039 (3d Cir.1973). In deciding a motion for summary judgment, the non-moving party's allegations should be taken as true and all inferences from the evidence must be drawn in favor of the opposing party. *Whitehead v. St. Joe Lead Co.*, 729 F.2d 238, 251 (3d Cir.1984); *In re Japanese Electronic Products Antitrust Litigation*, 723 F.2d 238, 256–59 (3d Cir.1983).

■ The Third Circuit, however, has made it clear that under Fed.R.Civ.P. 56(e) a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading in opposition to a properly supported summary judgment motion." *Sunshine Books Ltd. v. Temple University*, 697 F.2d 90, 96 (3d Cir.1982). Rather, the opposing party is required to "set forth specific facts showing that there is a genuine issue for trial." *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir.1981). Hence, "a party resisting the motion cannot expect to rely merely upon bare assertions." *Id.*

In support of its motion for summary judgment, defendant contends that plaintiff's claim is time barred for failure to comply with the terms of the passage contract. (See Defendant's Brief pp. 9–17.) Under the terms of the passage contract, an injured party is required to notify the owner of the vessel about a claim within six months from the day of injury. In addition, the party is required to initiate a suit within one year of the day of injury in order to hold the owner liable for the injuries. *See* p. 3, *supra*.

The plaintiff, Beatrice Valenti, sustained an injury on August 23, 1982. Suit was not filed until September 1, 1983. The liability limitation contained in the passage contract, set forth above, precludes any liability on the part of the vessel owner.

Congress has recognized the right of owners of ocean vessels to limit their liability by including in their passage contracts time limitations within which notices of claim and suit may be brought. 46 U.S.C. § 183b. Although the courts have consistently recognized the validity of these provisions, they have refused to enforce them unless they are properly set forth in the passage contract. *See, e.g., Silvestri v. Italia Societa Per Azione Di Navigazione*, 388 F.2d 11 (2d Cir.1968). Generally, the courts have required that these liability limitations be made a formal part of the passage contract either directly or by reference. *See The Majestic*, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039 (1897).

■ In determining whether the liability limitation is part of the passage contract, the courts have examined the physical arrangement of the contract itself. The cases have required that the carrier include clear and conspicuous language in the passage contract which alerts the passenger to the condition limiting liability. *DeNicola v. Cunard Line Limited*, 642 F.2d 5 (1st Cir. 1981); *Gardner v. Greek Line*, 388 F.Supp. 856 (M.D.Pa.1975). The passage contract should "reasonably communicate" to the passenger that the condition limiting liability is an important matter. *Barbachym v. Costa Line, Inc.*, 713 F.2d 216, 217 (6th Cir.1983); *Silvestri, supra*, 388 F.2d at 17.

■ Furthermore, the court must determine if the carrier did all that it reasonably could to impress upon the passengers the importance of these conditions. *DeNicola, supra*, 642 F.2d at 9; *Gardner, supra*, 388 F.Supp. at 857. Therefore, if the notice which alerts the passenger to the

condition limiting liability is inconspicuously placed in the passage contract or printed in unreasonably small print, it will not meet the standard required by the court. *See, e.g., Barbachym v. Costa Line, Inc.,* 713 F.2d 216 (6th Cir.1983); *Silvestri v. Italia Societa Per Azione Di Navigazione,* 388 F.2d 11 (2d Cir.1968).

Generally, courts have recognized that a carrier has not reasonably communicated to the passenger its liability limitations "unless the face of the ticket contains conspicuous language directing the passenger's attention to the contractual terms contained therein." *Barbachym, supra,* 713 F.2d at 219. *Accord Carpenter v. Klosters Rederi,* 604 F.2d 11, 13 (5th Cir. 1979).

Defendant contends that the notice printed on the face of the passage contract reasonably communicated the importance of the condition limiting liability. Therefore, the condition is enforceable and bars plaintiff's claim for damages.

Plaintiff alleges that the notice on the face of the passage contract is "deficient" in that it failed to alert her to the condition limiting liability. Plaintiff also claims that the language of the notice is "misleading" because it directs the passenger to examine a singular "condition on pages 2–3–4–5–6" (see Exhibit A–1 to defendant's motion papers), rather than multiple conditions. Plaintiff points out that there are 27 distinctly numbered paragraphs instead of just one condition. (See Plaintiff's Brief p. 14).

■ The question of reasonable notice of a condition limiting liability in the passage contract is an issue of law which enables a court to grant summary judgment, where appropriate. *DeNicola, supra,* 642 F.2d at 11; and *Barbachym, supra,* 713 F.2d at 218. Many courts, after finding that the passage contract reasonably communicated the limitation on the carrier's liability, have granted summary judgment. *See, e.g., DeNicola v. Cunard Line Limited,* 642

F.2d 5 (1st Cir.1981); *Gardner v. Greek Line,* 388 F.Supp. 856 (M.D.Pda.1975); *McQuillan v. Italia Societa Per Azione Di Navigazione,* 386 F.Supp. 462 (S.D.N.Y. 1974).

■ The passage contract issued by the vessel owner, HLI, comports with the standard of reasonable notice set forth by the Second Circuit in *Silvestri v. Italia Societa Per Azioni Di Navigazione,* 388 F.2d 11 (2d Cir.1968), and followed by the other circuits. *See, e.g., Barbachym v. Costa Line, Inc.,* 713 F.2d 216 (6th Cir.1983); *DeNicola v. Cunard Line Limited,* 642 F.2d 5 (1st Cir.1981); *Gardner v. Greek Line,* 388 F.Supp. 856 (M.D.Pa.1975). On the face of the passage contract in fairly large white lettering on a blue background it says, "IMPORTANT NOTICE: Each passenger should carefully examine this ticket particularly the conditions on pages 2, 3, 4, 5 and 6." In fact, the passage contract in this case is almost identical to the one reviewed in *Lipton v. National Hellenic American Lines,* 294 F.Supp. 308 (E.D.N.Y.1968). There the court concluded that "the physical arrangement and legal form of the ticket removed it from the class of tickets which bear endorsed conditions that are not effectively incorporated into the text of the passage contract." *Lipton, supra,* 294 F.Supp. at 310.

Recently, the defendant in this case was involved in a similar suit in a New York court. *See Haroski v. Home Lines Cruises Inc.,* 1983 A.M.C. 1217 (N.Y.Sup.Ct. 1983). In upholding the validity of a time limitation provision identical to the one at issue in this case, the court stated: "... the physical arrangement of defendant's ticket herein was far more calculated to alert the passenger to the existence and importance of the 'conditions of contract'" than tickets which other courts have found invalid. *Haroski, supra,* 1983 A.M.C. at 1218. I agree with this conclusion and find it applicable here.[1]

---

[1]. Moreover, I do not find that the circumstances merit any equitable modification. Plaintiff's case was in the hands of her attorney within

two months of the accident. The failure to bring suit in the ensuing eight-month period is not adequately explained. Plaintiff's attorneys

Defendant's second contention in support of summary judgment is that, since it is not the owner of the vessel on which plaintiff was injured, it is not the proper party to this action. Both the treasurer and the manager of passenger service and insurance set forth in their affidavits that the defendant, HLCI, is a general agent for the vessel owner, HLI. (See Exhibits A and B.) The defendant argues that, under the basic principles of the law of agency, any agent for a disclosed principal cannot be held liable for the tortious acts of the principal. 3 Am.Jur.2d, Agency, § 292. *See John Roach, Jr., Inc. v. Pingpank,* 39 N.J. Super. 336, 121 A.2d 32 (App.Div.1956); *Fuller v. Melko,* 5 N.J. 554, 558, 76 A.2d 683 (1950). Defendant argues that, since it cannot be held liable, it is entitled to summary judgment.

Plaintiff does not dispute HLCI's status as an agent to the owner, HLI, but seeks to hold the agent, HLCI, liable in its own right. (See Plaintiff's Brief p. 14.) Plaintiff alleges that she named HLCI as the defendant in her complaint because she mistakenly believed that HLCI was the vessel owner (see Plaintiff's Brief p. 6). Plaintiff claims that the name of the vessel owner on the face of the passage contract ticket is ambiguous because it merely reads "Home Lines".

■ Plaintiff seeks leave under the liberal amendment policy of Fed.R.Civ.P. 15(a) to file an amended complaint naming both HLI and HLCI as defendants. Plaintiff relies on *Axelrod v. Incres Steamship Co.,* 363 F.2d 531 (2d Cir.1966). There the passenger had brought suit against the agent of the vessel owner due to an ambiguity as to the ownership of the vessel. The court allowed the plaintiff to amend her complaint to name the vessel owner as the proper defendant.

*Axelrod* is clearly distinguishable from the present case. In *Axelrod,* the original complaint, which had been brought against the agent, was initiated within the time limitation required by the passage contract.

The court determined that it would be fair, therefore, to allow the plaintiff to amend her complaint because the action had been brought within the time required by the contract. *Axelrod, supra,* 363 F.2d at 531.

In the present case, plaintiff filed her complaint against the agent, HLCI, *after* the expiration of the time limitation required by the passage contract. "Relation back" would not save her claim.

■ In addition to holding the vessel owner liable in her amended complaint, plaintiff seeks to hold the agent liable for her injuries. She advances two theories to support the imposition of liability against the agent. Her first argument is that 46 U.S.C. § 183b is not applicable to the issue of the agent's liability. Her second theory is grounded in breach of representation and warranty in that the agent assured her that she would enjoy a safe passage. (See Plaintiff's Proposed Amended Complaint and Brief p. 7.)

46 U.S.C. § 183b provides in pertinent part:

(a) It shall be unlawful for the manager, *agent,* master, or owner of any sea-going vessel (other than tugs, barges, fishing vessels, and their tenders) transporting passengers or merchandise or property from or between ports ... to provide by rule, contract, regulation or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred. (emphasis added)

The word "agent" is specifically included in the provisions of the statute. This indicates that agents of vessel owners enjoy the same protection from liability as the vessel owners.

Plaintiff contends that because the agent, HLCI, through its treasurer's affidavit disavows any connection with the is-

---

were informed, by way of defendant's response to their letter of October 20, 1982, that liability

was subject to the "terms and conditions of the passage contract."

suance of the passage contract, it cannot be shielded by the liability limitation contained in the passage contract. (See Plaintiff's Brief p. 9.) The passage contract, however, provides at page 2, paragraph 2(b):

> ... [I]t is expressly agreed between the Passenger ... and the Carrier that the Master, officers, crew members, contractors, ... *agents* used, engaged, or employed by the Carrier in such work or services, while acting in the course of or in connection with such employment ... shall each be entitled to the benefit of all exemptions and immunities from and limitations of liability conferred upon the Carrier and/or vessel by law and/or by this contract.... (emphasis added)

Under the terms of the passage contract, the liability limitation shields the agent from liability in the same manner that it shields the vessel owner. Accordingly, where an injured passenger fails to institute an action within the time required by the passage contract, neither the vessel owner nor the agent can be held liable. I nevertheless will discuss plaintiff's other theories as to the agent's liability.

▬▬ Plaintiff argues that even if 46 U.S.C. § 183b is applicable, under the language of § 183b failure to give notice shall not bar a claim.

> (b)(1) If the owner or master of the vessel or his agent had knowledge of the injury, damage, or loss and the court determines that the owner has not been prejudiced by the failure to give such notice; ... [or]
> (2) If the court excuses such failure on the ground that for some satisfactory reason such notice could not be given.

Defendant, however, does not allege that plaintiff failed to give timely notice of her claim. Plaintiff, through her attorney, did apparently notify the vessel owner's agent,

HLCI, of the plaintiff's claim for damages two months after she was injured. (See letters attached to defendant's letter brief.) The plaintiff, however, failed to bring suit within the one-year time period required by the terms of the passage contract. The fact that an owner may have notice of a claim "does not render inapplicable a provision in the contract requiring an action be brought within a year, because the court is without discretion to allow the commencement of the suit after the expiration of the specified time." *Vaci v. Swedish American Line,* 200 F.Supp. 207, 210 (E.D.Pa. 1961). Furthermore, if the passenger and owner correspond prior to the expiration of the one-year time limitation within which a passenger is required to institute an action, the owner is under no obligation to remind the passenger or his attorney about the time limitation. *McQuillan v. Italia Societa Per Azione Di Navigazione,* 386 F.Supp. 462, 469 (S.D.N.Y.1974).

▬▬ Plaintiff's second theory for imposing liability on the agent, HLCI, is based on breach of representation and warranty.[2]

▬▬ In addition, plaintiff could not hold the agent, HLCI, liable on contract principles. The passage contract clearly discloses that, when the plaintiff purchased a passage contract ticket, she was entering into a contract with the vessel owner, HLI, not the agent. The passage contract specifically provides at page two, prior to the listing of conditions of passage, that:

> The Passenger or Passengers named herein, by accepting or using this passage contract ticket, and the Carrier, Home Lines Inc., by issuing the same, mutually agree that the Carrier will provide the passenger with passage as stated herein....

Furthermore, the name of the Carrier, HLI, appears at the end of the separately

---

**2.** In her proposed amended complaint, plaintiff also asserts a claim for breach of representation and warranty against the vessel owner, HLI. The passage contract, however, provides that "the Carrier and/or vessel shall not be liable for *any claim* whatsoever of the Passenger howsoever and wheresoever arising unless ... suit is

initiated within one year ..." (emphasis added). This condition in the passage contract limits the passenger's right to institute an action against the vessel owner, whether the claim is based on negligence or breach of warranty, unless the action is instituted within the one-year time limitation.

listed conditions of contract. The only place where the agent's name, HLCI, appears on the passage contract ticket is on its back cover under the heading "Principal Offices and Agencies". Accordingly, there was no contract between the agent and the passenger.

■ Similarly, plaintiff could not hold the agent, HLCI, liable on a negligence theory. Plaintiff sustained injuries while aboard the vessel as a result of the alleged negligence of an employee of the vessel owner. An agent cannot be held liable for the negligent acts of its principal. *Rookard v. Mexicoach*, 680 F.2d 1257 (9th Cir. 1982); *Fuller v. Melko*, 5 N.J. 554, 76 A.2d 683 (1950). Therefore, the agent, HLCI, could not be held liable for plaintiff's injuries which were allegedly caused by its principal, HLI, even if the complaint were timely.

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff has requested leave to file an amended complaint pursuant to Rule 15(a). Generally, leave to amend should be freely granted "when justice so requires" so long as there is "no undue delay, bad faith or dilatory motive." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

In this case, however, allowing the plaintiff an opportunity to amend the complaint would be futile. *See id.* at 182, 83 S.Ct. at 230. Since the plaintiff did not institute the action within the time limitation properly set forth in the passage contract, her claim is barred.

### CONCLUSION

Plaintiff has not sustained her burden of proof that there are genuine issues of material fact which remain for trial.

Plaintiff does not and cannot dispute the fact that suit was brought more than one year after the date of her injury. (See Plaintiff's Brief p. 1.) Plaintiff does not dispute that she received a copy of the

passage ticket that set forth the time limitation for bringing suit. (See Plaintiff's Brief p. 14.) I have already determined that, as a matter of law, the condition limiting the vessel owner's liability is enforceable because it was reasonably brought to the attention of the passengers on the face of the passage contract. Thus the suit is time barred. Consequently, allowing the plaintiff to amend her complaint to add the vessel owner as a defendant would be futile.

The contractual time bar applies to the agent as well. 46 U.S.C. § 183b is clearly applicable to the agent of a vessel owner. The word "agent" specifically appears in the language of the statute. In addition, the passage contract explicitly shields the agent of the vessel owner from liability whenever the vessel owner is protected. The enforceability of this condition is not in dispute since I have already determined that the conditions in the passage contract here were adequately brought to the passenger's attention.

In the alternative, I note that a disclosed agent cannot be held liable for the negligent acts of its principal. Moreover, plaintiff cannot hold the agent, HLCI, liable on a contract theory because the passage contract issued to the plaintiff clearly reveals that the vessel owner is the party bound by the contract. The vessel owner's name appears prior to the listing of the conditions of contract and at the end of the passage contract. Plaintiff has further alleged a breach of representation and warranty against the agent, HLCI. She has not set forth any facts supporting her contention that such a representation was made, nor any legal basis for holding the agent of a vessel owner liable on such grounds.

Defendant has amply established that the uncontested facts preclude any right of action. Since the plaintiff has not established that there are issues of fact that require resolution by trial, summary judgment in favor of the defendant is appropriate.

Defendant's motion for summary judgment is granted. Plaintiff's motion for

leave to file an amended complaint is denied.