**Paula BERMAN, Plaintiff,**

v.

**CUNARD LINE, LTD., etc., Defendants.**

**No. 90–6852–CIV.**

United States District Court,
S.D. Florida.

Jan. 9, 1991.

Reconsideration Denied July 9, 1991.

Marc Jay Tannen, Klein & Tannen, North Miami Beach, Fla., for plaintiff.

Theodore Livingston Shinkle, Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, Fla., for defendants.

**ORDER DENYING MOTION
TO TRANSFER**

PAINE, District Judge.

This matter is before the court upon the Defendant's Motion to Transfer.

*Factual and Procedural Background*

The Plaintiff, Paula Berman, brought this suit to recover damages for injuries allegedly sustained by her while she was a passenger aboard the "Sagafjord," a vessel owned by the Defendant. Specifically, the Plaintiff alleges that on April 30, 1990, as a result of the negligence of the Defendant, she was seriously injured.

The Plaintiff originally brought suit in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. Within 30 days after the Defendant became aware that the parties in this case enjoyed complete diversity of citizenship, the Defendant removed the case to this court.

Thereafter, pursuant to Title 28 U.S.C. § 1404 and the forum selection clause contained in the passenger ticket which the Plaintiff attached to her complaint, the Defendant motioned this court for transfer of this case to a district court in New York.

*Standards of Review and Analysis*

Transfer in this case is premised upon both the transfer statute, 28 U.S.C. § 1404,

and the forum selection clause allegedly agreed to by the parties. The Supreme Court recently addressed the issue regarding the proper application of a forum selection clause in the context of a § 1404 "convenience of the parties" analysis.

The statutory basis for a change of venue is contained in 28 U.S.C. § 1404 which states in pertinent part that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ Additionally, a choice of forum clause will be specifically enforced unless the adverse party clearly shows that enforcement would be unreasonable and unjust, or that the clause is invalid for such reasons as fraud or overreaching. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972).

The general issue of the appropriate nexus to be applied to section 1404(a) and a contractual forum selection clause was thoroughly addressed by various courts in this circuit and the Supreme Court in *Stewart Organization, Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir.1987), *cert. granted*, 484 U.S. 894, 108 S.Ct. 225, 98 L.Ed.2d 184, *affirmed and remanded*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22, *on remand*, 855 F.2d 762, *on remand*, 696 F.Supp. 583, *mandamus granted, In re Ricoh Corp.*, 870 F.2d 570, *rehearing denied*, 877 F.2d 975.

In *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Supreme Court held that the first question for consideration in a case such as this is whether § 1404(a) itself controls the movant's request to give effect to the contractual choice of venue in support of transfer. Specifically, the court said:

> Section 1404(a) is sufficiently broad to control the forum-selection issue. The statute is intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.

*Id.* at 2244.

A forum-selection clause should receive neither dispositive consideration nor no consideration, but rather the consideration for which Congress provided in § 1404(a).

*Id.* at 2245. In so holding, the Supreme Court affirmed the Eleventh Circuit but underscored the "methodological difference" in the approach taken by the two courts. *Id.* at 2243. The *en banc* Eleventh Circuit court had originally applied the standards announced in *The Bremen v. Zapata Off-Shore Co., supra*, to determine if the forum-selection clause was enforceable. As stated above, in *The Bremen*, the Supreme Court held that forum selection clauses should generally be enforced absent a showing that to do so "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." 407 U.S. at 15, 92 S.Ct. at 1916.

However, in *Stewart*, the Supreme Court agreed with the Eleventh Circuit's holding that *The Bremen* may be *instructive* on this issue, but disagreed with the Eleventh Circuit's initial inquiry regarding the enforceability of the forum-selection clause.

The Supreme Court specifically held in *Stewart* that when weighing whether transfer is justified under section 1404(a), a choice of forum clause is a "significant factor that figures centrally in the District Court's calculus." *Stewart*, 108 S.Ct. at 2244. In applying the Supreme Court's analysis upon remand and mandamus, the Eleventh Circuit concluded:

> Thus, while other factors might "conceivably" militate against a transfer ... the clear import of the Court's opinion is that the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.

*In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989). The Eleventh Circuit arrived at this fair reading of the Supreme Court's opinion by citing to Justice Kennedy's concurring opinion in which he explicitly stated that "a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Stewart*, 108 S.Ct. at 2250 (Kennedy, J., concurring).

Finally, regarding the burden of proof in a § 1404(a)/forum selection clause transfer, the Eleventh Circuit said:

in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient. When, however, the parties have entered into a contract containing a valid, reasonable choice of forum provision, the burden of persuasion is altered.

.    .    .    .    .

We conclude that when a motion under section 1404(a) seeks to enforce a valid, reasonable choice of forum, the opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the suit.

*Stewart,* 810 F.2d at 573.

■ Accordingly, in the present case, the burden of persuasion is on the Plaintiff to show that the New York forum is sufficiently inconvenient to justify this court's retention of the case at bar. On Writ of Mandamus, the Eleventh Circuit noted in *Stewart,* 810 F.2d at 573, that the Supreme Court's mandate required the district court to consider "the convenience of [the contracted forum] given the parties expressed preference for that venue, and the fairness of transfer in light of the forum selection clause *and the parties relative bargaining power." Id.,* citing *Stewart,* 108 S.Ct. at 2244 [emphasis added].

■ The Plaintiff at bar resides in South Florida where she has received extensive medical care and treatment for her injuries allegedly sustained at the negligent hands of the Defendant. Her friends and family, potential witnesses to this litigation, also reside in South Florida. Additionally, although the cruise line's ships call to various ports, the Defendant does not deny that the crew who are witnesses to this incident regularly visit South Florida. Indeed, there has been no attempt by the Defendant to challenge this court's exercise of personal jurisdiction over it.

In contrast, the New York forum has no factual connection with the subject incident. Although the parties' forum selection clause presumably expresses preference for venue in New York, this court finds that in light of the parties' unequal bargaining power and the other convenience of forum factors weighing in favor of the Southern District of Florida, transfer to New York would be unfair. *See Stewart,* 108 S.Ct. at 2244.

Regarding the more narrow, specific issue of enforceability of a forum selection clause contained in a cruise lines's form passenger ticket/contract, the Ninth Circuit case of *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 388–89 (9th Cir.), *cert. granted,* — U.S. ——, 111 S.Ct. 39, 112 L.Ed.2d 16 (1990) offers significant guidance. The *Shute* court refused to enforce a forum selection clause contained in a form contract that had not been negotiated.

Like in the present case, in *Shute,* a passenger was injured on a cruise ship and brought suit. The cruise line sought to dismiss the suit on the basis of a forum selection clause printed on the passenger's ticket. In *Shute,* the ticket had not even been mailed to the passenger until after she bought it, and as a result she had no knowledge of the forum selection clause until the transaction was complete. *Shute* at 389 n. 11. As Judge Posner, writing for the Seventh Circuit in *Northwestern National Insurance Company v. Donovan,* 916 F.2d 372 (7th Cir.1990), noted, the *Shute* opinion "bristles with hostility to non-negotiated form contracts...."[1]

As discussed in greater detail above, the *Stewart* opinion requires the district court to consider as a factor in a § 1404 transfer analysis, the relative bargaining positions of the parties to the forum selection clause. Accordingly, transfer in an attempt to give effect to a non-negotiated forum-selection clause where the transferee forum has no factual connection to the pending case is

---

1. As noted in the *Shute* citation, *supra,* the Supreme Court has granted certiorari and will, presumably, offer further guidance on the enforceability of forum selection clauses where the parties do not enjoy equality of bargaining positions. Of course, the undersigned cannot speculate on how the Supreme Court will resolve this issue. However, as supported by the analysis, *infra,* this court determines that the Supreme Court's previous guidance in *Stewart* provides adequate authority to prevent the transfer of the instant case.

**1178**

not warranted under a section § 1404(a) analysis of the facts of this case.

For the foregoing reasons, it is

ORDERED and ADJUDGED that the Defendant's Motion to transfer is hereby DENIED.

DONE and ORDERED.

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO TRANSFER

This Court previously issued an Order Denying Motion to Transfer (DE 7), in which this Court held that it would be unfair to the Plaintiff, PAULA BERMAN ("BERMAN"), to transfer this suit to New York "in light of the parties' unequal bargaining power and the other convenience of forum factors weighing in favor of the Southern District of Florida." DE 7 at 6. Defendant, CUNARD LINE, LTD. ("CUNARD"), has filed a Motion for Reconsideration of Order Denying Motion to Transfer (DE 11), arguing that a recent United States Supreme Court decision, *Carnival Cruise Lines, Inc. v. Shute,* — U.S. —, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), warrants reconsideration of the Order.

The Court disagrees. The *Shute* decision was grounded in part upon the Supreme Court's presumption that the passenger had *actual* notice of the venue provision before boarding the cruise ship. *See, e.g.,* — U.S. at —, 111 S.Ct. at 1528 ("In light of these distinctions, *and because respondents do not claim lack of notice of the forum clause,* we conclude that they have not satisfied the heavy burden of proof, ... required to set aside the clause on grounds of inconvenience.... [R]espondents have conceded that they were given notice of the forum provision and, therefore, presumably retained the option of rejecting the contract with impunity"). In the instant case, however, CUNARD itself submitted, yet did not controvert, BERMAN's deposition testimony that she had "never read the cruise ticket, nor was aware of the provision in the ticket requiring suit to be brought in the State of New York." DE 11 at Exhibit A. Thus, *Shute* does not control the facts herein.

## CONCLUSION

Based upon the foregoing reasons, the Court declines to reverse its prior ruling. It is therefore ORDERED and ADJUDGED that the Defendant's Motion for Reconsideration of Order Denying Motion to Transfer (DE 11) is DENIED.

DONE and ORDERED.