Margaret Kearney MELNIK, Plaintiff,

v.

CUNARD LINE LIMITED, Defendant.

Civ. A. No. 94–CV–774 (RSP).

United States District Court, N.D. New York.

Nov. 4, 1994.

Green & Seifter, P.C., Syracuse, NY (Lee Alcott, of counsel), for plaintiff.

Office of Thomas A. Klonick, Fairport, NY (Thomas A. Klonick, of counsel), Kirlin, Campbell, Meadows & Keating, New York City (Karen C. Hildebrandt, of counsel), for defendant.

*MEMORANDUM–DECISION & ORDER*

POOLER, District Judge.

Defendant Cunard Line Limited ("Cunard") moves to transfer this personal injury action to the Southern District of New York. Cunard relies on a forum selection clause in the ticket purchased by plaintiff Margaret Kearney Melnik ("Melnik") for a voyage aboard defendant's cruise ship. In the alternative, Cunard moves for transfer of venue or dismissal of the action pursuant to 28 U.S.C. §§ 1406(a), 1404(a). Oral argument took place on October 3, 1994.[1]

---

1. Cunard withdrew its motion for summary judg- ment dismissing Melnik's action on the ground

## BACKGROUND

Melnik commenced this action in New York State Supreme Court, Onondaga County, in May 1994. On June 16, 1994, defendant Cunard filed a notice of removal in this court on the grounds of complete diversity among the parties. Cunard now asks that this action be transferred to federal court in the Southern District of New York pursuant to a forum selection clause contained in Article 22(b) of the ten-page cruise ticket purchased by Melnik. Article 22(b) states that "any and all disputes and matters whatsoever arising under, in connection with, or incident to this Passage Contract shall be litigated, if at all, in and before any court located in the City of New York, State of New York, U.S.A. to the exclusion of the courts of any other city, state or country."

In her underlying claim, Melnik contends that she was injured while a passenger aboard the Queen Elizabeth II, an ocean liner operated by Cunard. According to the allegations contained in her complaint, Melnik was struck in the left wrist and left upper arm by a golf ball on June 27, 1993. The golf ball escaped from fencing enclosing a shipboard practice driving range near where Melnik was walking. Melnik claims that Cunard's negligence caused her permanent injuries, and she seeks damages of $1 million.

## DISCUSSION

To resolve this matter, we first must decide whether the jurisdictional basis for Melnik's action determines the applicability of the forum selection clause. Second, we must determine whether applicable law obliges us to enforce the terms of the forum selection clause contained in Melnik's passage contract ticket.

### I. *Subject Matter Jurisdiction*

Cunard removed this action to federal court on complete diversity grounds because plaintiff is a citizen of New York and defendant is a British corporation. Relying on these facts, Melnik argues that Cunard is an alien that may be sued in any district pursuant to Section 1391. 28 U.S.C. § 1391(d). According to plaintiff's reasoning, if Cunard can be sued in any district, then any request to change venue is governed solely by Section 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). By relying on Section 1404(a) and its convenience test, Melnik seeks to avoid the effect of the forum selection clause contained in her passage contract ticket. She argues that such clauses are interpreted by federal courts sitting in admiralty in accordance with maritime law and do not apply in diversity cases. Cunard responds that even though removal was based on diversity jurisdiction, this action is governed by maritime law because a cruise ship ticket is a maritime contract.

■ A plaintiff who is injured aboard a ship has several legal options. First, she may bring suit in federal court invoking admiralty subject matter jurisdiction. 28 U.S.C. § 1333(1). Second, she may bring suit in state court or federal court under diversity jurisdiction pursuant to the saving to suitors clause of Section 1333(1). *Klinghoffer v. S.N.C. Achille Lauro,* 739 F.Supp. 854, 859 (S.D.N.Y.1990), *vacated and remanded on other grounds,* 937 F.2d 44 (2d Cir.1991). The saving to suitors clause provides that in admiralty or maritime cases the federal district courts have exclusive jurisdiction "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The chief advantage of a federal suit based in diversity as opposed to admiralty is the plaintiff's ability to elect to have a jury trial. *Clark v. Solomon Navigation, Ltd.,* 631 F.Supp. 1275, 1277 n. 1 (S.D.N.Y.1986); *see also Neal v. McGinnis, Inc.,* 716 F.Supp. 996, 998 (E.D.Ky.1989). As discussed more fully below, the substantive law to be applied in any of these circumstances is federal maritime law.

that she failed to give Cunard proper notice of her claim as required by the passage contract ticket.

■ Melnik's lawsuit can rest on either diversity or admiralty jurisdictional grounds. The facts alleged in Melnik's complaint meet the requirements of federal diversity jurisdiction. 28 U.S.C. § 1332(a)(2). In addition, it is well settled that an action involving personal injuries sustained aboard a ship is a case in admiralty. *Id.* § 1333(1); *see also Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 590, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991); *Archawski v. Hanioti,* 350 U.S. 532, 532–33, 76 S.Ct. 617, 619, 100 L.Ed. 676 (1956). Melnik contends that because she chose to bring her suit in state court and deliberately decided not to invoke federal admiralty jurisdiction, she bypasses not only admiralty jurisdiction but also all of maritime law. We disagree. Regardless of the choice of forum or the basis of subject matter jurisdiction for Melnik's lawsuit, the substantive law to be applied is maritime law. *See Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 628, 79 S.Ct. 406, 408–09, 3 L.Ed.2d 550 (1959); *see also Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1320–21 (11th Cir.1989); *Mulvihill v. Furness, Withy & Co.,* 136 F.Supp. 201, 205 (S.D.N.Y.1955). The Florida decision upon which Melnik relies holds no differently. In that case, the district court applied principles of maritime law as developed by the Supreme Court and the Ninth Circuit Court of Appeals in admiralty cases. *Berman v. Cunard Line, Ltd.,* 771 F.Supp. 1175, 1176–77 (S.D.Fla.1991).[2] As described more fully in Section II, federal maritime law has addressed fully the circumstances under which forum selection clauses in cruise ship passage contracts are enforced. Melnik cannot avoid the effect of this jurisprudence by relying on a general transfer statute.

## II. *Forum Selection Clause*

We therefore apply maritime law to determine whether the forum selection clause contained in Melnik's passage contract ticket should be enforced. Cunard contends that the ticket is a binding contract requiring litigation to take place in the Southern District of New York. Melnik responds that the forum selection clause is not binding as a matter of law because such clauses are disfavored by the courts and because Melnik never read or accepted the passage contract. Moreover, Melnik argues that the equities compel rejection of defendant's motion because she lacks the financial resources to litigate in the Southern District and because it would be disruptive to her disabled son, who witnessed the accident, to travel to New York City.

■ The Supreme Court has determined that forum selection clauses in cruise ship passage contract tickets generally are valid. In *Carnival Cruise Lines, Inc. v. Shute,* plaintiffs brought a personal injury action in their home state of Washington. The Supreme Court required the plaintiffs to litigate their claim against a Florida-based cruise line in Florida because that forum was designated on their passage contracts. *Shute,* 499 U.S. at 593–595, 111 S.Ct. at 1527–28. The Supreme Court held that a forum selection clause substantially similar to the one employed by Cunard was reasonable and thus enforceable. *Id.* at 587–88, 592–595, 111 S.Ct. at 1524, 1527–28. The Court considered and rejected the argument that a forum selection clause is not enforceable merely because it is not the subject of bargaining between the cruise line and passenger. *Id.* at 593, 111 S.Ct. at 1527. Because the forum selection clause at issue here is nearly identical to that considered in *Shute,* the clause must be enforceable against Melnik regardless of her relative lack of bargaining power. *See Cooper v. Carnival Cruise Lines,* 1992 WL 137012 *1 (S.D.N.Y.1992).

■ The Supreme Court did not address whether the plaintiffs in *Shute* had sufficient notice of the forum selection clause. *Shute,* 499 U.S. at 590, 111 S.Ct. at 1525. Rather,

---

**2.** *Berman* was decided before the Supreme Court issued its opinion in *Shute,* which is dispositive in this case. Moreover, the same district court later enforced a forum selection clause in accordance with *Shute* and specifically noted that although "Shute was decided under the Court's admiralty jurisdiction, [and] Cunard in the in- stant action removed this case based on this court's original diversity jurisdiction, ... [t]his distinction does not affect the ... analysis ordained by the Shute Court." *Goldberg v. Cunard Line Ltd.,* 1992 WL 142582 *2 n. 5 (S.D.Fla. 1992). The court applied maritime law. *Id.* at *2.

the Court noted the plaintiffs' concession that the clause "was reasonably communicated to the [plaintiffs], as much as three pages of fine print can be communicated." *Id.* Melnik seeks to distinguish *Shute* on this ground, contending that she did not receive adequate notice of the forum selection clause because she "never even read the clause upon which defendant relies, much less understood or accepted it." Pl.Mem. at 5–6. Melnik's failure to read the forum selection clause is irrelevant, however, because "[f]ailure to read a ticket will not relieve a passenger of the contractual limitation." *Vavoules v. Kloster Cruise Ltd.,* 822 F.Supp. 979, 981 (E.D.N.Y.1993). *See also Baron v. Compagnie Generale Transatlantique,* 108 F.2d 21, 23 (2d Cir.1939) (holding that lawful provisions appearing on the ticket as part of the contract of passage are binding regardless of whether they were read by the passenger); *DeCarlo v. Italian Line,* 416 F.Supp. 1136, 1137 (S.D.N.Y.1976) (plaintiff charged with notice of ticket provisions even though she never saw ticket held by her travelling companion); *Geller v. Holland–America Line,* 201 F.Supp. 508, 509 (S.D.N.Y.1961), aff'd, 298 F.2d 618 (2d Cir.), *cert. denied,* 370 U.S. 909, 82 S.Ct. 1256, 8 L.Ed.2d 403 (1962) (plaintiffs charged with notice even though they did not read ticket).

With respect to notice, the proper inquiry is whether Melnik's ticket reasonably communicated that it contained binding passage contract provisions. *See Cooper,* 1992 WL 137012 *1 (citing *Hodes v. S.N.C. Achille Lauro ed Altri–Gestione,* 858 F.2d 905, 911 (3d Cir.1988)). The ticket issued by Cunard is labelled "Passenger Ticket & Passage Contract" in large capital letters on its face. The bottom center of the ticket cover contains this instruction in capital letters in legible type: "Important please read following terms of passage contract." Two lines of the contract appear on the ticket's first page, and the remainder of the contract terms are within the ticket. Although Melnik claims that the ticket's confusing pagination and "morass of fine print" excuse her from its terms, Pl.Aff. at ¶¶ 4–5, the ticket's format gives reasonable notice of the contract terms.

In *Cooper,* for example, notice was sufficient where the ticket's face contained the message "Subject to conditions of contract on last pages 1, 2, 3" in capital letters and its second page stated that the ticket was a legally binding contract. *Cooper,* 1992 WL 137012 *2. The Cunard ticket contains similar language. In another case, notice was sufficient where the ticket's cover contained the statement "Passengers are kindly requested to read the conditions of this contract before accepting" and the initial lines of the contract text. *McQuillan v. 'Italia' Societa per Azione di Navigazione,* 386 F.Supp. 462, 466 (S.D.N.Y.1974), aff'd, 516 F.2d 896 (2d Cir.1975). The format of the Cunard ticket is nearly identical. *See also Hollander v. K–Lines Hellenic Cruises, S.A.,* 670 F.Supp. 563, 564–5 (S.D.N.Y.1987) (holding that passengers had notice of forum selection clause because passage contract ticket cover contained message stating in part "Please read before accepting"). *Compare Silvestri v. Italia Societa per Azioni di Navigazione,* 388 F.2d 11, 14, 17 (2d Cir.1968) (insufficient notice found where statement "Subject to the conditions printed on the cover of this ticket which form part of this contract" was printed on ticket cover in an inconspicuous location). Thus, Melnik had adequate notice of the forum selection clause.

Looking next to the equitable issues at hand, Melnik bears a "heavy burden of proof" to set aside the forum selection clause on grounds of inconvenience. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 17, 92 S.Ct. 1907, 1917, 32 L.Ed.2d 513 (1972). *See also Shute,* 499 U.S. at 594, 111 S.Ct. at 1528 (holding that plaintiffs failed to satisfy their heavy burden because Florida was not a "remote alien forum" in which to require the Washington state residents to litigate). Melnik contends that trying her action in the Southern District would pose a financial hardship and would be a serious inconvenience because she is a single mother of a disabled 13–year–old son. Melnik also states that it would be inconvenient to bring her three physicians, physical therapist and other potential expert witnesses, all of whom reside in the Northern District, to the Southern District. Although we are sympathetic to Melnik's circumstances, we find that Mel-

nik has not met her very heavy burden to justify setting aside the forum selection clause. *See Cooper,* 1992 WL 137012 *2 (case transferred from Southern District of New York to Southern District of Florida despite plaintiff's claims of "various physical and financial hardships"); *Hollander,* 670 F.Supp. at 566 (New York resident plaintiffs required to pursue personal injury action in Greece in accordance with forum selection clause even though "it is far more convenient for plaintiffs to sue in New York").

■ Nonetheless, we recognize the burden of requiring plaintiff to obtain testimony in New York City from her identified expert witnesses, all of whom reside in the Northern District, and the possibility that Melnik will be deprived of expert testimony in her favor due not only to expense but also to the difficulty of arranging for travel for experts with other obligations. We therefore condition transfer of this matter, at plaintiff's option, on the stipulation by the parties pursuant to Fed.R.Civ.P. 29 to allow the use of videotaping for the deposition testimony of plaintiff's experts residing in the Northern District of New York and the use at trial of such deposition testimony. *See Max Planck Gesellschaft Zur Foederung Der Wissenschaften, E.V. v. General Elec. Co.,* 858 F.Supp. 380, 383 (S.D.N.Y.1994). We note in this regard that Cunard already has agreed informally to such a stipulation.

Because we find that transfer is required pursuant to the forum selection clause contained in Melnik's passage contract ticket, we do not reach Cunard's arguments regarding alternative grounds for transfer under Sections 1406(a) and 1404(a). 28 U.S.C. §§ 1406(a), 1404(a).

It is therefore

ORDERED that defendant's motion for transfer of this case to the Southern District of New York is GRANTED, conditioned at the plaintiff's option that the parties stipulate to the use of videotaping for the deposition testimony of plaintiff's experts residing in the Northern District of New York and the use at trial of such deposition testimony. The parties shall enter such stipulation, if at all, within 14 days of the date of this Order.