**BURGER KING CORPORATION, Burger King Restaurant No. 7391, Host Marriott Corporation, and Marriott International, Inc.**

v.

**STROEHMANN BAKERIES, INC.**

No. 96–CV–2212.

United States District Court,
E.D. Pennsylvania.

June 18, 1996.

Carl D. Buchholz, III, Rawle & Henderson, Philadelphia, PA, for plaintiffs.

Kenneth M. Dubrow, Goldstein, Friedberg, Kelly & Dubrow, P.C., Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

This action comes before this Court on Defendant's motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim, and alternatively, to transfer this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

Plaintiff Burger King Corporation ("Burger King") is a Florida corporation with a principal place of business in Miami, Florida.

Plaintiff Burger King Restaurant # 7391 ("the Restaurant"), is a franchise owned by Plaintiffs Host Marriott Corporation and Marriott International, Inc. (collectively "Marriott"). It is located within the Garden State Travel Plaza in New Jersey. Marriott is a Delaware corporation with a principal place of business in Washington, D.C. Defendant Stroehmann Bakeries, Inc. is a Pennsylvania corporation with a principal place of business in Horsham, Pennsylvania.

Plaintiffs bring the present action seeking a declaratory judgment against Defendant. Specifically, Plaintiffs request a judgment that Defendant is under a duty to indemnify them for any damages awarded against them in a separate personal injury action filed in this court.[1] The underlying action alleges that in 1993, one of Defendant's employees was injured when he slipped and fell due to an allegedly defective condition on the loading dock of the Restaurant while making a delivery on Defendant's behalf.

Plaintiffs' indemnification claim is based on a Supply Contract between Plaintiffs and Defendant. The Supply Contract contains both indemnification and insurance clauses, which provide that Defendant will indemnify Plaintiffs against certain claims as well as maintain liability insurance. Defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), or in the alternative, to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Because we agree that this action should be transferred, we do not reach the other issues.

Defendant's argument for transfer rests on Paragraph 36 of the Supply Contract. This paragraph contains a forum selection clause providing that the Supply Contract shall be deemed to have been made and entered into in Florida, shall be governed by Florida law, and that all disputes arising from the Contract shall be litigated in Florida.

■ In order to enforce the above forum selection clause, this Court must find that it is valid. Since a forum selection clause is prima facie valid in the absence of fraud or overreaching, and since Plaintiffs do not allege either (Burger King drafted the clause

---

1. *See Deissler v. Burger King Corp. et al.,* No. 95–5679.

in question), this point is uncontested. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

In adjudicating a motion to transfer, a federal court sitting in diversity should apply federal law—specifically 28 U.S.C. § 1404(a). *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). Once a defendant has challenged venue, the burden is on the plaintiff to show that venue is proper. *Taylor v. White*, 132 F.R.D. 636, 640 (E.D.Pa.1990). In addition, under Pennsylvania law, the burden is on the plaintiff to show that enforcement of a forum selection clause would be unreasonable. While Pennsylvania law is not binding in a diversity case, the Third Circuit has followed this as the appropriate rule. *See Central Contracting Co. v. Maryland Cas. Co.*, 367 F.2d 341 (3d Cir.1966).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In addition to these three factors, courts have considered several other factors, none of them conclusive, to determine whether a transfer is proper under § 1404(a). *Romann v. Geissenberger Mfg. Corp.*, 865 F.Supp. 255 (E.D.Pa.1994). For example, while a forum selection clause is not dispositive, its presence is a "significant factor that figures centrally in the district court's calculus." *Stewart*, 487 U.S. at 29, 108 S.Ct. at 2244.

Here, the parties disagree as to the weight to be accorded the forum selection clause. Plaintiffs maintain that their choice of forum "should [not] be disturbed," *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947) because it is "a paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Defendant, however, points out that all courts agree that "a forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum" and "while courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has already freely contractually chosen an appropriate venue." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir.1995); *see also Stewart*, 487 U.S. at 29, 108 S.Ct. at 2244.

Plaintiffs cite two cases to support their position that this Court should disregard the forum selection clause drafted by Burger King. Neither case is apposite, however. In *Berman v. Cunard Line, Ltd.*, 771 F.Supp. 1175 (S.D.Fla.1991), the court declined to enforce a forum selection clause when the drafter had far greater bargaining power than the draftee, and when no operative facts of the action occurred in the forum selected by the clause. Here, one of the parties seeking to escape the clause, Burger King, is presumed to have greater bargaining power than Defendant in that it drafted and imposed what appears to be a standard form contract. Further, none of the operative facts of this action occurred in Plaintiffs' chosen forum. The second case, *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291 (3d Cir.1994), is completely inapposite because there, the court expressly disregarded the forum selection clause in making its decision. *Id.* at 293.

Plaintiffs further argue that "as the drafter of the Supply Contract, Burger King can and has waived this clause in this case." However, Plaintiffs cite no legal support for the proposition that a party who has drafted a clause of a mutually agreed upon contract may disregard it at will. Thus, this argument cannot be given weight.

We find that this forum selection clause is valid and therefore, Plaintiffs' choice of forum is not accorded the weight it would be if there were no forum selection clause.

The only other factors disputed by the parties are whether practical problems or public interest considerations weigh for or against transfer. Practical problems weigh very marginally against transfer. Plaintiffs argue that the present action should remain in the Eastern District of Pennsylvania because a transfer would delay the disposition of the underlying claim. However, Plaintiffs have made no showing or argument why this would be. Plaintiffs also argue that it would

be wasteful to transfer this action, because it might be consolidated with another declaratory action they plan to bring against Defendant's insurer, Royal Insurance Company.[2] Plaintiffs further argue that "Stroehmann cannot cite any convenience reasons that this declaratory judgment action should be tried in Florida." However, Defendant is not required to do so; the burden is on Plaintiffs to show that venue is proper. *See Taylor,* 132 F.R.D. at 640. Even assuming that Plaintiffs have made some showing that practical reasons favor denying transfer, Plaintiffs have not shown that practical problems make the contractual forum so inconvenient that transfer would be unduly burdensome.

Further, we find that public interest considerations weigh in favor of transfer. Plaintiffs assert that "Pennsylvania has all of the significant connections with this case, not Florida." However, this is not true. In fact, the only contact Pennsylvania has with this action is that it is the home of Defendant and that the underlying action is in this court.[3] Florida has a great interest in this action because the Supply Contract provides that it shall be deemed to have been made and entered into in Florida and shall be governed and construed under Florida law. The fact that Florida law will govern the interpretation of this contract weighs in favor of transfer because "there is an appropriateness ... in having the trial ... in a forum that is at home with the state law that must govern the case." *DeMateos v. Texaco, Inc.,* 562 F.2d 895, 900 (3d Cir.1977), *cert. denied,* 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 494 (1978). The above indicates that public interest considerations favor transferring this action to Florida.

Plaintiffs have failed to carry their burden of showing that enforcement of the forum selection clause contained in Paragraph 36 of the Supply Contract between Defendant and Plaintiffs would be unreasonable. *Jumara,* 55 F.3d at 880. Therefore, Plaintiffs shall be bound to their contractually chosen forum, and this action shall be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Because of this holding, we will not address the merits of Defendant's dismissal arguments, but deny them as Moot.

An appropriate Order follows.

### ORDER

AND NOW, this 18th day of June, 1996, upon consideration of Defendant's Motion to Dismiss Plaintiffs' Complaint and Alternatively, to Transfer Case and responses thereto, the Motion is hereby GRANTED in that the Clerk of Court is hereby ORDERED to TRANSFER this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). The Motion is hereby DENIED as MOOT in all other respects.

---

**2.** This point is not entitled to great weight. "The existence of a related action in the transferor or transferee district is a strong factor in a transfer decision where judicial economy can be achieved and duplicative litigation, with possibly inconsistent results, avoided by consolidation of actions, or by coordination of discovery and other pretrial proceedings." *Bolton v. Tesoro Petroleum Corp.,* 549 F.Supp. 1312, 1317 (E.D.Pa.1982). However, Plaintiffs have provided no evidence, in the form of affidavits or otherwise, of the pendency of the action against Royal. Without a showing that such an action actually exists in the proposed transferor district, it would not be prudent for this Court to give great weight to this factor.

**3.** The accident that Plaintiffs allege triggers Defendant's duty to indemnify them did not occur in Pennsylvania, but in New Jersey.